NEWARK INSURANCE COMPANY, a
corporation, Plaintiff,

v.

Terrill SARTAIN and Helen Sartain,
Defendants.

Civ. No. 7457.

United States District Court
N. D. California, N. D.

June 5, 1957.

**584**

———◇———

Cooley, Crowley, Gaither, Godward, Castro & Huddleson and Augustus Castro, San Francisco, Cal., for plaintiff.

Downey, Brand, Seymour & Rohwer and Robert R. Harlan, Sacramento, Cal., for defendants.

HALBERT, District Judge.

Defendants seek, under the provisions of Rule 43(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to call, as a "managing agent" of an adverse (corporate) party, the agent of plaintiff from whom defendants allegedly purchased the insurance which is the subject matter of this action. The agent, A. Darwin Tuttle, is the sole agent for plaintiff in the town of Colusa, California, where he conducts his business as an agent for several insurance companies. In general, under the terms of his written agency agreement with the Newark Insurance Company (which agreement was executed in 1938), Tuttle is authorized to solicit and make application to the Company for insurance, and collect premiums paid therefor. The evidence shows that he has complete authority with respect to the administration of his own business enterprise. He has, on occasion, handled loss claims of the defendants against the plaintiff in this action, and this he has done without objection on the part of the plaintiff, although no such authority has been given to him under the terms of any disclosed agreement with plaintiff. So far as appears from the record, plaintiff has always confirmed, or at least abided by, any arrangements made by Tuttle with defendants on its behalf in connection with insurance. Nothing in the record indicates that there is anyone, representing plaintiff, who is "over" or superior to Tuttle in the Colusa area. The evidence shows further that Tuttle has, on occasion, for insurance purposes, caused appraisals of his clients' (including the defendants) property to be made (at his expense). Tuttle handles the premiums paid to him for insurance, which he has sold in the community, by depositing such amounts in a "trustee account", from which are withdrawn the premiums owing to the insurance companies, and his own personal commissions.

An examination of the available law discloses a singular lack of articulated definitive standards with regard to the meaning of the term "managing agent" as the same is used in Rule 43(b), supra. The Fifth Circuit, in Dowell, Inc. v. Jowers, 182 F.2d 576, summarily found that the defendant's engineer in charge of an acidizing crew (death caused by acidization of gas well by defendant) was not an officer, director or managing agent within Rule 43(b), but failed to mention what standards or tests were applied to reach this conclusion. The Third Circuit, in Moran v. Pittsburgh-Des Moines Steel Co., 183 F.2d 467, found that the signing of partnership stationery by a witness as a "manager", although, in fact, such person was not a manager of the partnership (nor officially connected with the partnership in any capacity), was sufficient to constitute the witness a "managing agent" of the partnership for the purposes of Rule 43(b). Again no definitive standards are set forth. The District Court for the Western District of Wisconsin in 1939, in the case of Peterson Construction Co. v. LaFayette County, Wis., 2 F.R.

Service 43b. 2, Case 1[1] (D.C.W.D.Wis., 1939), held that a construction superintendent employed by a corporate party was not an officer, director or managing agent of the corporation because he had only limited authority (how his authority was limited is not made apparent by the version of the case in Federal Rules Service). No other case construing this facet of Rule 43(b) has been cited to me, and in my research on the point, I have found no other case bearing directly upon the problem.

While I am conscious of the fact that two separate rules are involved, a study of the subject has lead me to the conclusion that the authorities construing the term "managing agent", as it is used in Rule 26(d) (2) of the Federal Rules of Civil Procedure (relating to depositions), will provide a helpful analogy. That the same standards are applicable to both Rule 26(d) (2) and Rule 43(b) is supported by the express reference to Rule 43(b) in Rule 26(c), and by the close similarity of the phraseology in Rule 26(d) (2) and Rule 43(b).

In discussing Rule 26(d) (2), Professor Moore suggests that for the purpose of determining who is a "managing agent", the Court "must approach the question pragmatically, somewhat by analogy to its approach to the determination of who is a 'managing agent' for the purpose of receiving service of process as provided in Rule 4(d) (3)." 4 Moore, Federal Practice, at p. 1192. The standards in this regard are quite flexible, and the courts appear to be concerned more with whether the party whose agent is sought to be served is "doing business" or "present" in the forum (e. g. Lone Star Package Car Co., Inc., v. Baltimore and O. R. Co., 5 Cir., 212 F.2d 147; Bach v. Friden Calculating Mach. Co., Inc., 6 Cir., 167 F.2d 679; Krnach v. Electro Lift, Inc., D.C., 13 F.R.D. 131). It has been suggested that "the rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it *a priori* supposable that he will realize his responsibilities and know what he should do with any legal papers served on him" (1 Barron & Holtzoff, Federal Practice and Procedure, pp. 319–320, citing De Santa v. Nehi Corporation, D.C., 81 F.Supp. 637). The fact, however, that the standards for valid service of process involve different considerations than are involved under Rules 26(d) (2) and Rule 43(b) should not militate against the soundness of using a flexible, pragmatic approach in applying standards and criteria to facts, and this I propose to do in this matter.

I am of the view that a study of the case law interpreting Rule 26(d) (2) will bring us to a good rational rule to apply to the question now before me. What appear to me to be the leading cases that have explored and ruled on the meaning of the term "managing agent" as that term is used in Rule 26(d) (2) are Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., D.C., 15 F.R.D. 37;[2] Krauss v. Erie R. Co., D.C., 16 F.R.D. 126;[3] Warren v. United States, D.C., 17 F.R.D. 389;[4] Rubin v. General

---

1. This case is not reported elsewhere, and according to John R. Adams, Official Shorthand Reporter of the Court, it is based on a ruling made by Judge Stone from the bench during the course of the trial. The ruling was not challenged.

2. A person who superficially appeared to be a "director" of a Dutch corporation was, nevertheless, as a matter of reality, the chief executive of the company having broad decision-making capacity with regard to the company's transactions and was therefore, a managing agent.

3. Manager of defendant's claim department and head of defendant's medical department were both held to be managing agents.

4. Following the rule laid down in the Krauss case, supra, the ranking officers in charge of a naval gun turret were held to be managing agents.

Tire & Rubber Co., D.C., 18 F.R.D. 51;[5] and Klop v. United Fruit Company, D.C., 18 F.R.D. 310.[6]

There is discussed in these cases the liberal and the restricted definition of the term "managing agent". No useful purpose would be served by continuing this discussion here. The reasons for adopting the liberal view are set forth in the authorities cited, and they are, in my opinion, applicable here. In the final analysis, the cited cases have reached the conclusion that a managing agent of a corporation, partnership or association is any person who:

1. Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts);

2. Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principal; and

3. Can be expected to identify himself with the interests of his principal rather than those of the other party.

It seems to me that the latter test is the paramount and perhaps the really determinative one, for it would be eminently unfair to the principal to have to be bound by the testimony of a person who was not (at least supposed to be) completely loyal to the principal, but, on the other hand, it would be equally unfair for a litigant to be unable to secure the testimony of a ranking employee of his adversary, in the form of a managing agent, in possession of pertinent information [7] (short of calling him as his own witness and thereby vouching for his veracity), when it is clear that such person is a supporter of his principal's cause and will give his testimony in the light most favorable to the principal. I am of the view that Rule 43(b) was designed to reach just such a situation, and until I am shown that I am wrong, or a better rule is devised, I propose to follow the one, which I have laid down above.

When the above test is applied, it is apparent to me that Tuttle should, for the purposes of this case, be treated as a "managing agent" of the corporate plaintiff insofar as Rule 43(b) of the Federal Rules of Civil Procedure is concerned. From the record, it is inescapable that Tuttle was, in the mind of the defendants, the sole representative of the plaintiff, and was, so far as defendants were concerned, the one responsible for the issuance and execution of their insurance with the plaintiff. And, while under the terms of his agency contract with plaintiff, Tuttle's authority might appear, at first blush, to be something less than that of a "managing agent", Tuttle did in fact hold himself out to have broad powers respecting the issuance of insurance, the collection of premiums, and the payment of claims, and having openly exercised those powers without objection on the part of his principal (the plaintiff), I am of the view that it cannot be fairly said that

5. Persons who negotiated contracts and supplementary agreements; were responsible for the production and delivery of goods ordered by the plaintiff and the return of defective merchandise; participated in conferences concerning claims disputes; made decisions with respect to the performance of the contracts; and had supervisory control over the particular transactions in dispute in the case were held to be managing agents.

6. The second mate of a vessel was here held to be a managing agent.

7. Of course, any person called as managing agent under Rule 43(b) must be a person, who, because of his relationship with his principal, is in possession of pertinent information relative to the dispute between his principal and its adversary.

Tuttle was not a "managing agent" of the plaintiff for the purposes of this case.

Furthermore, from the record it is clear to me that the information concerning this litigation, which defendants are seeking to elicit, must come from Tuttle, and no suggestion has been made by anyone that this information can be obtained elsewhere. Even though, as plaintiff argues, Tuttle's friendship with the defendants in this case is one of long standing, his equally long standing relationship with the plaintiff, and the lucrative business derived therefrom, leaves me with a fixed feeling that the only reasonable thing to expect is that Tuttle will align himself with the interests of the plaintiff rather than with the interests of the defendants.

A further point to be considered in this matter now before me is the fact that counsel for the plaintiff entered into a stipulation with counsel for the defendants, by virtue of which A. Darwin Tuttle's deposition was allowed to be taken by counsel for the defendants as an *adverse witness*. As the result of this stipulation, defendants now argue that plaintiff has waived any objection that it might have had to the calling of Tuttle as the "managing agent" of plaintiff (asserted by defendants to be a corporate *adverse party*) by the defendants at the trial. I am of the view that no waiver took place as the result of the stipulation for the obvious reason that Tuttle's deposition was taken as an *adverse witness* and not as the "managing agent" of an *adverse party*. The stipulation does not cover the precise issue with which I am presently confronted in this case.

It is my ruling that defendants in this action may examine A. Darwin Tuttle under the provisions of Rule 43(b) of the Federal Rules of Civil Procedure, as a "managing agent" of an adverse corporate party (plaintiff), and defendants will not, as a result thereof, be held bound by any testimony so given by Tuttle (Moran v. Pittsburgh-Des Moines Steel Company, supra, 183 F.2d at page 471).

It is so ordered.