Petition of **MANOR INVESTMENT CO., Inc. for exoneration from or limitation of liability as owners of the S.S. SAN PATRICK.**

No. 65 Ad. 688.

United States District Court
S. D. New York.
Nov. 20, 1967.

Joseph Cardillo, Jr., New York City, for petitioner, Thomas J. Doyle, New York City, of counsel.

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for claimants, Alan S. Loesberg, New York City, of counsel.

## OPINION

WEINFELD, District Judge.

The petitioner in this limitation proceeding arising out of the loss at sea of the S.S. San Patrick, with its entire crew of thirty-two members and its cargo valued at approximately three million dollars, moves to vacate a notice for the taking of its deposition through Gordon Mosvold. The basis of the motion, as asserted by petitioner, is that Mosvold is not a "party in this action" [sic]. The deposition of petitioner is of importance on the issue of privity or knowledge of the claimed unseaworthiness or negligence;[1] it is of prime importance here, since there are no survivors to testify as to the circumstances of the loss.

Although the deposition of petitioner as a party is sought, and not that of Gordon Mosvold as a witness, significantly no affidavit is submitted either by him or by any officer of petitioner describing his duties, relationship, or lack of relationship, to petitioner. However, cargo claimants herein, in opposing the motion to vacate, refer to previously taken depositions in this and other related proceedings to establish Mosvold's status in and relationship to petitioner and his activities in furtherance of its interests.

Rule 26(d) (2) of the Federal Rules of Civil Procedure, under which the deposition of a corporation through a "managing agent" may be used by an adverse party for any purpose, has not been given a wooden construction by the courts.[2] The test as to whether one serves in such capacity to a party so that the party may be deposed through him as a managing agent under the Rule is not the title of office, or even the lack of title, but the functions he performs in furthering its activities and interests. If he has general powers to exercise his judgment

---

1. Petition of Henry Du Bois' Sons Co., 189 F.Supp. 400 (S.D.N.Y.1960).

2. See Independent Prods. Corp. v. Loew's, Inc., 24 F.R.D. 19 (S.D.N.Y.1959); Newark Ins. Co. v. Sartain, 20 F.R.D. 583 (N.D.Cal.1957); Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 15 F.R.D. 37 (S.D.N.Y. 1953).

and discretion in dealing with corporate matters, he may be deemed a "managing agent."[3] In each instance a realistic appraisal of his activities determines the true nature of his relationship to the corporation.

The record abundantly establishes that with respect to petitioner, Mosvold, entirely apart from his ownership of 100% of its stock, not only directs, but controls, its affairs. His word and authority in the corporate hierarchy appears to be supreme. His functions are definitely of a supervisory nature. Specifically matters pertaining to the vessel and its operations came within the scope of his activity. It is beyond challenge that, with respect to the petitioner, he is a person who has its interests "close to his heart."[4] Realistically, there is such unity of interest between petitioner and Mosvold, that it may be referred to as his "alter ego."[5]

In addition, Mosvold also exercises executive functions and supervision of two corporations, one located in the Bahamas, and the other in this district, each of which acts as petitioner's managing agent and serviced the vessel on its behalf. In each, his activities indicate that he is a controlling official—as one of the witnesses put it, he is the "boss." Since petitioner is subject to deposition by its managing agent, it is clear that it may be deposed through the testimony of Mosvold, an officer of its managing agent in this district.

The motion to vacate the notice for the taking of the petitioner's deposition is denied, and the petitioner shall appear for examination on December 4, 1967, at 10 a. m. in Room 601, United States Courthouse, Foley Square, and to continue until 5 p. m., and thereafter from day to day during the same hours until concluded.

3. Krauss v. Erie R. R., 16 F.R.D. 126 (S.D.N.Y.1954).

4. Cf. Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 15 FR.D. 37, 38 (S.D.N.Y.1953).

5. Cf. TSS Sportswear, Ltd. v. Swank Shop (Guam) Inc., 380 F.2d 512, 517 (9th Cir. 1967).