Leon E. TERRY et al., Plaintiffs,

v.

MODERN WOODMEN OF AMERICA,
Defendant.

Civ. A. No. 20347-3.

United States District Court,
W. D. Missouri, W. D.

Oct. 24, 1972.

George T. O'Laughlin, Miller & O'Laughlin, Kansas City, Mo., for plaintiffs.

John C. Thurlo, Swanson & Midgley, Eager, Gangwere & Thurlo, Kansas City, Mo., for defendant.

ORDER DENYING DEFENDANT'S MOTION TO VACATE NOTICE AND, ALTERNATIVELY, FOR A PROTECTIVE ORDER AND ORDER REQUIRING DEFENDANT TO PRODUCE FRANK ISBON FOR DEPOSITION

WILLIAM H. BECKER, Chief Judge.

This is an action for damages for the alleged breach of a life insurance contract by the defendant. This suit was originally filed in the Jackson County Circuit Court on April 25, 1972, and was removed to this Court on May 25, 1972.

On May 26, 1972, plaintiffs noticed the deposition of the defendant's sales agent, Mr. Frank D. Isbon, to be taken on June 2, 1972, at the offices of plaintiffs' attorneys in Kansas City, Missouri. The defendant on May 31, 1972, moved to vacate this notice and, in the alternative, sought a protective order that the plaintiffs advance travel expenses to the witness. In the suggestions in support thereto, defendant contends that defendant should not be compelled to produce Mr. Isbon on notice and defendant cannot be examined through him because the proposed witness is a subordinate employee of defendant and not an officer, director or managing agent. Defendant further contends that, even if defendant is obliged to produce this witness, plaintiff should bear the expense of his appearance so that his deposition should be taken either in Mr. Isbon's place of residence, Wichita Falls, Texas, or plaintiffs should be required to advance the expense of his attendance in Kansas City as a precondition to his appearance here for the deposition.

Plaintiff filed suggestions in opposition to defendant's motion to quash notice to take deposition on June 15, 1972, with copies of several statements from airmen classmates of the deceased, Airman Christopher Lee Terry, attached thereto as exhibits which are offered to prove plaintiffs' contention that Frank D. Isbon is a "managing agent" of the defendant insurance corporation.

Rule 32(a)(2) of the Federal Rules of Civil Procedure states the following:

"The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a

party may be used by an adverse party for any purpose."

██ It is quite clear that a corporation which is a party may be deposed through an officer or managing agent of the corporation (including an insurance company). See 4A Moore's Federal Practice ¶ 30.51 (and cases cited therein). Whether the defendant is a "managing agent" depends on several factors, one of which is whether the interests of the individual involved are identified with those of his principal and on the nature of his functions, responsibilities and authority respecting the subject matter of the litigation. Tomingas v. Douglas Aircraft Co. (S.D.N.Y.) 45 F. R.D. 94. Other important factors are as follows:

"(1) Whether the deponent could be relied upon to give testimony, at his principal's direction, in response to the demand of a party engaged in litigation with the principal; and

"(2) whether any person or persons in higher authority than the deponent are in charge of the particular matter or possessed of the information as to which the examination is sought." Tomingas v. Douglas Aircraft Co., *supra,* at 96 (and cases cited therein).

██ The proposed deponent herein, according to the statements of various airmen who allegedly bought insurance policies from the proposed deponent, allegedly assured and represented to the purchasers including the deceased, Airman Christopher Lee Terry, that their life insurance coverage would become effective immediately upon the completion of the application form by the airmen and the execution by the airmen of a ninety-day irrevocable allotment in favor of defendant. The plaintiffs further allege that Mr. Isbon was empowered to obtain approval on behalf of defendant to sell life insurance contracts on Sheppard Air Force Base and to represent to the Air Base Personal Affairs Office the nature and effectiveness of such insurance contracts. In order to confirm this information, plaintiffs noticed the deposition of Mr. Isbon for June 2, 1972, at the plaintiffs' attorneys' offices in Kansas City, Missouri.

The proposed deponent appears to be in complete charge of the negotiation and sale of insurance contracts from the allegations and exhibits submitted by the plaintiffs in their suggestions in opposition to the motion to quash the notice. It likewise appears that at least he has the duties and powers of an insurance supervisor and appears to be "clothed" with at least the apparent authority, if not actual authority, of a "managing officer or agent."

Therefore, it is concluded that because the proposed deponent appears to possess an identity of interests with his principal and would be responsive to any future directions by his principal to give testimony at the demand of the opposing parties to the litigation, Mr. Isbon is a "managing agent" for the purpose of giving testimony respecting the manner in which he allegedly obtained approval from the Sheppard Air Force Base to sell insurance contracts to the base personnel and the representations, if any, that he made to the airmen, including the decedent.

For the foregoing reasons, the defendant's motion to vacate the notice will be denied.

██ With respect to the alternative motion for a protective order that, if defendant must produce the proposed deponent, that plaintiff should bear the expense of his appearance, Rule 30(b), F. R.Civ.P., clearly permits the Court, within its sole discretion to designate the location for the taking of the deposition and thus each application must be considered on its own facts and equities. Branyan v. Koninklijke Luchtvaart Maatschappij (S.D.N.Y.) 13 F.R.D. 425, 429.

■ In view of the circumstances and since there has been no showing that any harm would result to the defendant's business by virtue of the deponent's brief absence from his job and since the defendant is most able to bear the expense of the trip, the alternate motion of defendant for a protective order will be denied.

It is therefore

Ordered that defendant's motion to vacate the notice, and, in the alternative, for a protective order that the plaintiffs advance travel expenses to the witness be, and it is hereby, denied. It is further

Ordered that defendant produce Mr. Frank D. Isbon in Kansas City, Missouri, at the offices of plaintiffs' attorneys in Kansas City within 15 days from the date of this order at a time to be fixed by notice or agreement or defendant may elect in five days to advance to plaintiffs' attorneys travel expenses via economy or tourist accommodations and per diem of $80.00 for 2 days, hotel and subsistence, to attend the taking of the deposition of Mr. Frank D. Isbon who is a resident of Wichita Falls, Texas.