GENERAL LEASING COMPANY,
Plaintiff,

v.

LAWRENCE PHOTO–GRAPHIC SUP-
PLY, INC., Professional Film Laborato-
ries, Inc., Julius Malinowski, Dolores
Malinowski, Max L. Martin, Carolyn L.
Martin and David Clack, Defendants.

Civ. No. 79–0548–CV–W–1–6.

United States District Court,
W. D. Missouri, W. D.

Oct. 31, 1979.

Frank P. Barker, III, Barker, Rubin &
Sonnich, Kansas City, Mo., for plaintiff.

Dee Wampler, Springfield, Mo., for Law-
rence.

Allan C. Wilcox, Joplin, Mo., for Clack.

John A. Koepke, Morris, Larson, King,
Stamper & Bold, Kansas City, Mo., for Pro-
fessional and Martins.

Walter E. Williams, Webb City, Mo., for
Malinowskis.

### MEMORANDUM AND ORDER

SACHS, District Judge.

This case is presently before the Court on plaintiff's motion to compel defendant Lawrence Photo-Graphic Supply's response to a request for production of documents, Lawrence Photo-Graphic Supply's motion for a protective order in that regard, and three separate motions of defendants Malinowski, Clack and Lawrence Photo-Graphic Supply which seek to avoid the deposition setting noticed by plaintiff on November 1, 1979 in Kansas City, Missouri, by means of vacating the notice of deposition and/or a protective order.

█ It is within the Court's discretion under Rule 26(c)(2) to designate the location for taking depositions. In arguing that the location designated should not be changed even if the date is postponed, the plaintiff relies, somewhat tenuously, on a ruling by former Chief Judge Becker in *Terry v. Modern Woodmen of America*, 57 F.R.D. 141 (W.D.Mo.1972), wherein a local plaintiff was sustained in attempting to force a defendant's employee in Texas to come to

Kansas City for the taking of a deposition, unless defendant tendered to plaintiff's counsel the cost of a trip to Texas. Judge Becker stated that "each application must be considered on its own facts and equities", and found the determining factor in that particular case to be the consideration that defendant was "most able to bear the expense." *Id.* at 150. In the present case, plaintiff does not assert the type of equity which appealed to Judge Becker in *Terry.* Rather, it would apparently rely on a pre-judgment of the merits in its favor as grounds for seeking judicial assistance in ordering the deposition location to remain in Kansas City.

Even in the circumstances referred to in *Terry,* however, recent authority suggests that *Terry* set out no general rule and should not be followed by this Court in future cases presenting the *Terry* problem of the less pecunious plaintiff. In *Thompson v. Sun Oil Co.,* 523 F.2d 647 (8th Cir. 1975), the Court of Appeals declined to rule there had been an abuse of discretion in the district court denial to plaintiff, an individual asserting employment discrimination, of the right to depose nonresident employees of defendant at the plaintiff's place of residence, which was also the situs of the litigation. The Court observed that defendant, a large corporation, "would have incurred considerable expense in transporting the persons to Omaha who [the plaintiff] sought to depose." *Id.* at 650. The travel expenses were thereby shifted to the plaintiff, even though presumably, based on the claims made and the fact that plaintiff was an individual, that party was less able to bear the expense.

■ The weight of authority and current local practice seemingly depart from the *Terry* result. My colleague, Judge Russell G. Clark, recently stated a different test. "In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."

Order filed August 15, 1979, in *Timmons v. PPG Industries, Inc.,* No. 76–CV–0652–W–6 (W.D.Mo.) (citing *Thompson, supra* ; 4 J. Moore, Federal Practice ¶ 26.70[1.4] (2d Ed. 1979); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2112 (1970). A claim of financial hardship, taken alone, "does not demonstrate exceptional or compelling circumstances." *Timmons, supra.* While recognizing that *Terry* is not lacking in appeal, we accept *Timmons* and the ruling affirmed in *Thompson* as currently controlling in this District.

■ In regard to the contested request for production, defendant Lawrence Photo-Graphic Supply objects to Request Nos. 4, 6 and 7. The basic ground of objection is the breadth of the requests and the burden of transporting such numerous documents to the plaintiff's designated location. The Court is of the view that the requests as formulated are overbroad in light of the issues in the case, and that extensive requests for production should allow for inspection at the location of the party requested to produce the documents. For the reasons stated above, and for good cause shown, it is hereby

ORDERED that the deposition of defendant Lawrence Photo-Graphic Supply and its agent, scheduled and noticed by plaintiff for November 1, 1979, is cancelled and notice of same is accordingly vacated;

ORDERED that plaintiff may conduct discovery by oral deposition of defendant Lawrence Photo-Graphic Supply only in the locality of the defendant's place of business, or at such other location(s) as may be agreeable to defendant;

ORDERED that Requests for Production of Documents Nos. 4, 6 and 7 are limited to the time period of January 1, 1978, to the present and the defendant will respond to the requests in that form;

ORDERED that the production of these documents may take place at the defendant's place of business or other location(s) agreeable to defendant, and that henceforth any productions of documents are to take place at a location where the party request-

ed to produce may be found, or which is agreeable to that party.

No extensions of time for completion of discovery have been filed with the Court as of this date and therefore no ruling in this respect will be made. Counsel are urged to agree on a schedule for completion of discovery, including the above deposition, as promptly and equitably as possible. A hearing on any of these issues does not appear necessary.