CIRCUIT COURT OF THE CITY OF RICHMOND

P. Daniel Orlich et al.

v.

John B. Larus et al.

December 10, 1980

Case No. LD-503

By JUDGE JAMES EDWARD SHEFFIELD

As requested, I have now reviewed in their entirety the depositions of Bruce Macleod, John B. Larus, and Emmett M. Avery, Jr., and all of the memoranda of law filed by counsel of record in connection with the plaintiff's motion to have the defendant produce Bruce Macleod as "managing agent" of Stony Point Estates Partnership for the purpose of taking his depositions, pursuant to Rule 4:5(b)(6) and Rule 4:12(a)(2) of the Rules of the Supreme Court of Virginia, and the Court's decision follows.

The record clearly establishes that Bruce Macleod is the most knowledgeable person pertaining to the matters alleged by the plaintiff in its Motion for Judgment.

However, the test as to whether or not he can be considered as "managing agent" for purposes of Rule 4:5(b)(6) is clearly set forth in the case relied upon by the plaintiffs, In Petition of Manor Investment Co., 43 F.R.D. 299 (S.D.N.Y. 1967), which all counsel are very familiar with.

The test as to whether one serves as a "managing agent" in relation to a party so that that party may

be deposed through him as "managing agent" is the nature of the function he performs in furthering the party's activities and interest and whether the agent has general powers to exercise his judgment and discretion in dealing with such activities. The test is to be applied in a realistic way so as not to frustrate effective discovery as is envisioned in Rule 4:5(b)(6).

Without recounting all of the testimony contained in the various depositions, the record establishes that Bruce Macleod was the most knowledgeable person pertaining to the defendant's development of their property, however, Bruce Macleod by all of the testimony did not have general power to exercise his judgment and discretion in dealing with the defendant's development project.

A realistic appraisal of his activities reveals that the true nature of his relationship to the partnership was that of a "special agent" who was given wide latitude as to how he went about the specific task assigned by the defendants. He was not empowered to make final unilateral decisions and left such final decisions to the general partners. While it is true the evidence establishes that the general partners followed his recommendations in every instance, the fact that his activities usually culminated in only recommendations illuminates the true identity of his relationship with the partnership.

I am cognizant of the fact that the evidence establishes that neither John B. Larus nor Emmett M. Avery, Jr. have the quantum or quality of knowledge pertaining to the project that Bruce Macleod has. However, the status of "managing agent" does not turn on knowledge of the agent alone, but turns on the function he performs and whether he has general power to exercise his judgment and discretion in dealing with the principles, matters or business.

For the foregoing reasons, the plaintiffs' motion to compel the discovery of Bruce Macleod as "managing agent" of Stony Point Estates Partnership is denied.