**BOSTON DIAGNOSTICS DEVELOP-MENT CORP., INC., Randolph Diagnostics Development, Inc., as General Partner of Serono Diagnostic Partners (a Massachusetts Limited Partnership), Ares–Serono, N.V.,**

v.

**KOLLSMAN MANUFACTURING CO., a DIVISION OF SEQUA CORP., formerly known as Sun Chemical Company.**

Civ. A. No. 86–2078–N.

United States District Court,
D. Massachusetts.

Dec. 15, 1988.

Jeffrey S. Stern, Sugarman, Rogers, Barshak & Cohen, P.C., Peter M. Lauriat, Duncan S. Payne, Peabody and Brown, Gregory P. Deschenes, Boston, Mass., for plaintiffs.

Sanford F. Remz, Jerome Gotkin, Widett, Slater & Goldman, P.C., Boston, Mass., for defendant.

### ORDER ON DEFENDANT'S MOTION TO COMPEL DEPOSITION OF JOHN GALLAGHER (# 46)

ROBERT B. COLLINGS, United States Magistrate.

The plaintiffs have sued the defendant for breach of contract, deceit and unfair and deceptive acts and practices arising out of agreements made between 1984 and 1986 in connection with the development, manufacture, and testing of a preproduction model of a certain medical instrument. The defendant seeks to require the plaintiffs to produce John Gallagher to testify in Boston as a "managing agent" of the plaintiff-corporations. Rule 32(a)(2), Fed.R.Civ. P. The plaintiffs take the position that Mr. Gallagher has never been more than an employee of the plaintiffs, and, thus, the defendant cannot require the plaintiff-corporations to produce him to testify for the corporation. Mr. Gallagher is a British

subject who is currently employed by the plaintiff Ares–Serono, N.V. in Switzerland. The three plaintiff-corporations are affiliated members of the Ares–Serono Group, a Swiss-based multinational group of companies.

I have no doubt that John Gallagher retains a position with the plaintiff Ares–Serono, N.V. such that he remains loyal to not only the corporation by which he is now employed but also to the other plaintiff-corporations within the "Ares–Serono Group." I am of this view even though there is no evidence that Mr. Gallagher is a "managing agent" of Ares–Serono, N.V. at the present time. In this connection, I note that the plaintiffs have designated Mr. Gallagher as someone who has access to confidential documents under the protective order; it is inconceivable that Mr. Gallagher would be given such access were he not loyal. Cases have held that whether a witness is expected to identify himself with the interests of his principal rather than those of the other party is the "paramount test" for determining whether an employee is a "managing agent." *Independent Productions Corp. v. Loew's, Inc.*, 24 F.R.D. 19, 25 (S.D.N.Y., 1959); *Newark Insurance Co. v. Sartain*, 20 F.R. D. 583, 586 (N.D.Cal., 1957). I also have no doubt that the defendant Ares–Serono, N.V. has the power to compel Mr. Gallagher's appearance. I have drawn these conclusions from the record before me. I note that there is nothing in the record to indicate that any of these propositions are incorrect. *See generally Atlantic Cape Fisheries v. Hartford Fire Insurance Co.*, 509 F.2d 577, 579 & footnote 2 (1st Cir., 1985).

■ It also appears that if Mr. Gallagher was a "managing agent" of one or more of the plaintiffs at the time of the transactions which form the basis of this lawsuit but is not now in such a position, the plaintiffs may still be required to produce him (unless his loyalty is questioned) despite the plain wording of Rule 32(a)(2), Fed.R.

Civ.P., that a deposition is not admissible against a corporation unless the deponent was "*at the time of taking of the deposition … an officer, director or managing agent.*" (emphasis supplied). Wright & Miller, *Federal Practice and Procedure: Civil* § 380 citing *Fay v. United States*, 22 F.R.D. 28 (E.D.N.Y., 1958).

The real issue in dispute in this case is whether Mr. Gallagher was a "managing agent" of one or more of the plaintiff-corporations at the time of the transactions at issue in this lawsuit. He was if he was "… invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters." Wright & Miller, *Federal Practice and Procedure: Civil* § 380 (citing cases).

I have reviewed the materials which have been submitted to me which bear on this issue.[1] In the various excerpts from the depositions and documents, it appears that Mr. Gallagher was an "engineer" who had the title "corporate programme manager" for the Ares–Serono Group. Before he was officially hired, he attended a "business review meeting" of the general managers of each subsidiary of Ares–Serono which was held to attempt to "start planning for future product introductions." (2–53) Mr. Gallagher signed the invitation to Kollsman to bid on the production and manufacturing units, and Mr. Gallagher had been brought on "to handle that process." (2–54) He was one of three who made the "unanimous decision" as to which manufacturer to go to. (2–63) It appears that Mr. Gallagher handled most questions raised during the bidding process; Mr. Schultz answered some but "most of the questions" were "passed on to John Gallagher." (2–63) Mr. Gallagher was Chairman of the "Programme Management Networking Parties" of which Mr. Schultz and also Mr. Crescenzi were permanent members. As such, Mr. Gallagher had the responsibility as chairman to see that everyone, including Mr. Schultz, who had functions and respon-

---

1. The references in parentheses hereinafter shall be to pages of the deposition transcripts of Ronald W. Schultz, President of Boston Diagnostics Development Corp., Inc. at the time of the transactions at issue. The excerpts are attached to the Affidavit Of Sanford F. Remz In Support Of Motion To Compel (# 48) and the Affidavit Of Duncan S. Payne (# 53).

sibilities respecting the project completed their assigned functions. (2–112) Mr. Gallagher prepared the chart and co-ordinated the project and reported to Mr. Schultz and Mr. Crescenzi "...) any issues that needed a resolve." (2–113) Mr. Gallagher was in charge of the "interface" with Kollsman on the project and was "probably the most knowledgeable" of what Kollsman was doing on a day-to-day basis. (4, 5) At another point, Mr. Gallagher was described as "our engineer for the project." (5) He is described as "the individual in charge of [the] project" who had the "responsibility" of being the person from Ares–Serono "most familiar with the progress of the instrument as it was being assembled by Kollsman." (8–9) Mr. Gallagher was "an active participant" in the negotiating process in October, 1985. (75)

Applying the second criterion for determining who is a "managing agent" listed in the case of *United States v. The Dorothy McAllister*, 24 F.R.D. 316, 318 (S.D.N.Y., 1959), to the above facts, I find that Mr. Gallagher was "... invested by [the Ares–Serono Group] with general powers to exercise his judgment and discretion in dealing with [Ares–Serono's] matters *with respect to the subject matter of the litigation*" (emphasis supplied). Applying the fifth criterion, he appears to have been "in charge of the *particular* matter" (emphasis supplied) even though he was responsible to higher authority to some extent. However, as to the day to day "interface" with Kollsman, it appears that no one in higher authority is "possessed of the information as to which the examination is sought."

■ In sum, the Ares–Serono Group invested Mr. Gallagher, as the individual in charge of the project, with enough general powers to exercise his judgment and discretion with respect to the project (the subject-matter of the litigation) in order for Mr. Gallagher to be deemed a "managing agent." *Kolb v. A.H. Bull Steamship Company*, 31 F.R.D. 252, 254 (E.D.N.Y., 1962); *Krauss v. Erie R. Co.*, 16 F.R.D. 126, 128 (S.D.N.Y., 1954). Even if the extent of his subordination to higher authori-

ty makes the conclusion "subject to doubt" rather than clear-cut, "the doubt should be resolved in favor of the examining party." *United States v. The Dorothy McAllister*, *supra*, 24 F.R.D. at 318.

Accordingly, it is ORDERED that Defendant's Motion To Compel Deposition Of John Gallagher (# 46) be, and the same hereby is, ALLOWED. The plaintiffs shall produce John Gallagher for deposition at Boston *on or before the close of business on Tuesday, January 31, 1989.*

