**REED PAPER COMPANY, Plaintiff,**

v.

**The PROCTER & GAMBLE DISTRIBUTING COMPANY, Defendant.**

**Civ. No. 91–272–P–C.**

United States District Court,
D. Maine.

Oct. 7, 1992.

---

Alfred C. Frawley III, Brann & Isaacson, Lewiston, Me., for plaintiff.

John J. O'Leary Jr., Pierce Atwood Scribner, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION OBJECTING TO PLAINTIFF'S PROPOSED RULE 32(a)(2) USE OF DEPOSITION TRANSCRIPTS OF WITNESSES BENNETT, HUGHES, AND LUCIANO

GENE CARTER, Chief Judge.

The Court has before it for decision at this time Defendant's Motion Objecting to Plaintiff's proposed use of deposition transcripts of John Bennett, Thomas Hughes, and Debra Luciano pursuant to Federal Rule of Civil Procedure 32(a)(2) (Docket No. 58). The matter has been briefed by Defendant. The Court has heard counsel on the motion. At the hearing, Plaintiff's counsel waived written response and made oral argument on the motion. Defendant points out that it relies, with respect to the extent of the authority of the three individuals in question, upon the contents of their respective affidavits submitted previously in support of Defendant's Motion for Summary Judgment. The Court has reviewed those affidavits, as well as portions of the

deposition testimony of the three witnesses which have been submitted, post-hearing, for the Court's consideration by the parties.

The provisions of Federal Rule of Civil Procedure 32(a)(2), as pertinent here, read as follows:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rules 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

The depositions of Bennett, Hughes, and Luciano have previously been taken in this matter, and Plaintiff's counsel has indicated in pretrial preparation an intent to use excerpts of each of those depositions pursuant to the rule, contending that each of them is a "managing agent" within the meaning of the rule.[1]

A three-pronged test for the determination of who is a "managing agent" within the rule was formulated many years ago in the case of *Rubin v. General Tire and Rubber Co.*, 18 F.R.D. 51, 56 (S.D.N.Y. 1955) (citing *Krauss v. Erie Railroad Co.*, 16 F.R.D. 126, 127 (S.D.N.Y.1954); *Bernstein v. N.V. Nederlandsche–Amerikaansche Stoomvaart–Maatschappij*, 15 F.R.D. 37, 38 (S.D.N.Y.1953); and *Curry v. States Marine Corp. of Delaware*, 16 F.R.D. 376 (S.D.N.Y.1954)). The test, as formulated in *Rubin*, is as follows:

> First, the employee should be 'a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.' Second, the employee should be a person who 'could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.' Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties.

*Rubin*, 18 F.R.D. at 56 (citations omitted). The *Rubin* test has remained the commonly accepted and definitive test for determining an employee's status as a "managing agent" under Rule 32(a)(2) and various provisions of Rules 30 and 37. *See* 8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2103, at 376–79 (2nd ed. 1970).

■ The application of the test with respect to Mr. Hughes is not made necessary. It is established that Mr. Hughes was not at the time of the taking of his deposition employed by the defendant corporation. However, Plaintiff contends that because Mr. Hughes was employed by Procter & Gamble Paper Manufacturing Company at the time his deposition was taken, he identifies with and is loyal to the Procter & Gamble family of companies. Thus, Plaintiff contends, he should be considered a "managing agent" for Procter & Gamble Distributing Company. In order to reach that conclusion, the Court would be required to pierce Procter & Gamble Distributing Company's corporate veil. The record in this case does not permit the Court to take such action.[2]

The text of the rule is very specific in restricting its application to those persons "who at the time of the taking of the deposition" were officers, directors, or

---

1. Defendant has advised the Court and counsel that the three witnesses will be available to testify at trial at the expense of the Defendant and that on reasonable advance notice, Defendant's counsel will bring them on to be available to testify in Plaintiff's case-in-chief.

2. Plaintiff places principal reliance for this proposition on *Boston Diagnostics Development Corp. v. Kollsman Manufacturing Co.*, 123 F.R.D. 415 (D.Mass.1988). In *Kollsman* the defendant sought to require plaintiffs to produce John Gallagher to testify as a "managing agent" of one of the plaintiff corporations. At that time, Mr. Gallagher was employed by a corporation which was affiliated with one of the plaintiff's multinational group of companies. The Magistrate summarily concluded that Mr. Gallagher "remains loyal to not only the corporation by which he is now employed but also the other plaintiff-corporations" within the group. The *Kollsman* opinion ignores the fact that such a finding requires the court to look beyond the corporate form.

managing agents of the corporation which is a party to the litigation. It being clear that Hughes was not employed by the corporate defendant in this case at the time of the taking of his deposition, there is no occasion to determine whether or not he was, in fact, a managing agent.[3] His testimony cannot be used against the corporate defendant under Rule 32(a)(2).

■ With respect to John Bennett, the application of the test involves only a determination of whether he falls within the description of the first prong of the test. The record here made makes it clear that Mr. Bennett, at the time of the taking of his deposition, was a sales representative for a territory which included the State of Maine. There is no demonstration in the record that he had any authority on behalf of the company to do anything other than sell or attend to the selling of the particular product in question in this case. There is no showing that he had any general power to exercise his discretion and judgment in dealing with corporate matters. He performs typical, active sales functions. That being the case, his deposition may not be used against the corporate defendant under Rule 32(a)(2).

■ With respect to Debra Luciano, the question is somewhat closer. It is clear that she meets the second and third prongs of the *Rubin* test. It is apparent that she can be depended upon to carry out the corporate defendant's direction to give testimony if demanded by a party involved in litigation with the corporate defendant. Further, the Court is satisfied, and does find, that she can be expected to identify herself with the interests of the corporation rather than with the interests of other parties. The question then becomes whether she is invested with general powers to exercise her discretion and judgment in dealing with corporate matters. Careful

---

**3.** The Court does not find the *Kollsman* decision—which is that of a United States Magistrate, not of a District Judge—to be persuasive in other respects. This Court believes that it is clearly erroneous to determine on the face of the language of Rule 32(a)(2) that the corporate defendant may still be required to produce an employee who is no longer in the employ of the corporate defendant. *See Kollsman,* 123 F.R.D. at 416. In this regard, the Magistrate stated:

> It also appears that if Mr. Gallagher was a 'managing agent' of one or more of the plaintiffs at the time of the transactions which form the basis of this lawsuit but is not now in such a position, the plaintiffs may still be required to produce him (unless his loyalty is questioned) despite the plain wording of Rule 32(a)(2), Fed.R.Civ.P., that a deposition is not admissible against a corporation unless the deponent was '*at the time of the taking of the deposition* ... an officer, director or managing agent.'

*Id.* (emphasis in original). The Magistrate cites for that proposition "Wright & Miller, Federal Practice and Procedure: Civil § 380, citing *Fay v. United States,* 22 F.R.D. 28 (E.D.N.Y., 1958)." The Magistrate's citation to section 380 of the Wright & Miller text is an erroneous one since there is no section 380 dealing with civil matters. However, at section 2103 the Wright & Miller text clearly recognizes the viability of the rule that a managing agent must be such at the time of the deposition in order for the deposition to be used as that of the corporation. The text states:

> If the corporation is to be accountable for what was said, the person examined must have been an officer, director, or managing agent *at the time the deposition was taken.* This is stated explicitly in Rule 32(a)(2) and is fairly to be implied from Rule 37(d). The purpose is to protect the party from the admissions of disgruntled former officers or agents.

8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2103, at 379 (footnote omitted). *See also Independent Productions Corp. v. Loew's, Inc.,* 24 F.R.D. 19 (S.D.N.Y.1959).

Moreover, the *Fay* case also supports the contrary of the proposition for which it is there cited. In that opinion, the court acknowledged that "[a] corporate party may not be examined by ... a managing agent who is no longer in the employ of the corporation." *Fay,* 22 F.R.D. at 32 (citing *Curry v. States Marine Corp. of Delaware,* 16 F.R.D. 376 (S.D.N.Y.1954)). The court there goes on to *hold:*

> The deposition of a private corporation may be taken by the master of its vessel who is in control of the vessel at the time of the injury for which suit is brought ... [omitting citations] even though the person formally serving as master is serving as the chief mate of another vessel at the time the defendant's deposition is sought.

*Id.* Consultation of the *Curry* opinion establishes that the captain in question was serving as chief mate of another vessel *of the defendant corporation.* Hence, the application of this rule does not involve any abrogation of the language of Rule 32(a)(2) requiring that a managing agent be such at the time the deposition is sought. The *Kollsman* case is clearly wrong on this point.

scrutinization of this record satisfies the Court that she does not have or exercise such general powers, and the Court so finds.

■ The record made discloses three particular types of corporate activity and decision-making in which Ms. Luciano might be involved. The first of these is set forth in her affidavit as the authority to assess the performance of the corporate defendant's Attends representatives, including the Plaintiff in this case. Affidavit of Debra J. Luciano dated July 30, 1992, ¶¶ 7–13, at 2–7. There is no demonstration that she had authority to do other than make such assessments and to pass them on to her superior, Mr. Baker, apparently from time to time with her recommendations. It is not demonstrated that she is authorized at any time to make any decision or to take any action with respect to any distributor on the basis of her assessments of performance. The record shows that she simply provides assessments and recommendations to Mr. Baker.

Second, the record discloses that a decision was made during her continuance in office not to offer a certain rebate promotion to the Plaintiff and to offer it only to a competing distributor in the Maine market. *Id.*, ¶ 13, at 7. Yet, the record discloses that that decision was made jointly by her and Mr. Baker. There is no indication in the record that she could or would have undertaken to make that decision absent Mr. Baker's joining in it. In that sense, it is very clear that she had no general power to make a decision herself with respect to that particular corporate matter.

Finally to be considered is the decision that was made to terminate the Plaintiff as an Attends distributor. That decision, the record discloses, was made by Mr. Baker, not by Ms. Luciano. She states clearly that she read the letter dated July 16, 1991, authored by Mr. Baker, which informed Mr. Campbell of the Plaintiff, *inter alia*, that the Defendant would terminate the Plaintiff as an Attends distributor effective September 30, 1991. *Id.*, ¶ 15, at 8. While she indicates that she informed Mr. Baker that she agreed with the termination decision, there is nothing in the record to indicate that she had any authority, or that she would have undertaken on her own initiative to exercise any authority, to terminate the Plaintiff as an Attends distributor. There is simply no showing that she could have or did, in fact, exercise any general power with respect to corporate matters. Whether or not such powers allowed for the exercise of her discretion and judgment is academic.

Hence, Ms. Luciano meets the latter two prongs of the *Rubin* test but fails to meet the first prong. Balancing what the Court thinks to be the relative weight of the considerations that underlie the various facets of the *Rubin* test, the Court is satisfied that the fact that a person fails to qualify as one exercising general powers involving the exercise of discretion and judgment with respect to corporate matters is of great significance in determining whether that person should be permitted to bind the corporation in deposition by testimony. It clearly outweighs in significance, in the view of this Court on the facts of this case, the significance of the fact that Ms. Luciano meets the second and third prongs of the *Rubin* test.[4] Accordingly,

---

4. Two of the older cases express the view that the third factor of the *Rubin* test is the "paramount test." In the first of these, *Newark Insurance Co. v. Sartain*, 20 F.R.D. 583 (N.D.Cal. 1957), the question was whether an insurance agent was a managing agent under the predecessor Rule 32(a)(2). In *Sartain*, Judge Halbert adopted the *Rubin* test and then stated:

It seems to me that [the third prong] is the paramount and perhaps the really determinative one, for it would be eminently unfair to the principal to have to be bound by the testimony of a person who was not (at least

supposed to be) completely loyal to the principal.

*Id.* at 586. In that case, however, there was no factual question, as the fact statement of the opinion shows, about the employee's status as an authorized agent of the corporate party who performed pursuant to general powers to exercise his discretion and judgment in dealing with corporate matters. The employee was the sole agent for the corporate party in the town of Colusa, California. He there conducted his business as an agent for several insurance companies. He was authorized to solicit and make

the Court finds that Ms. Luciano was not, at the time of the taking of her deposition, a managing agent of the corporate defen-

dant. Accordingly, her testimony cannot be used pursuant to Federal Rule of Civil Procedure 32(a)(2).[5]

application for insurance and to collect premiums paid therefor. Further, the evidence showed that he had complete authority with respect to the administration of his own business enterprise. He had, on occasions, handled loss claims without objection on the part of the corporate party even though no authority had been given to him under the terms of his agreement. The record disclosed that the corporate party had always confirmed or abided by any arrangements made by the employee in connection with insurance. The record did not disclose any employee who was a superior to the employee in question. The evidence showed that he performed general duties on behalf of the corporate party. Hence, it is clear that Judge Halbert had no occasion to focus on the precise question of whether there was an agent/master relationship between the corporate party and the employee which involved the exercise of general powers involving discretion and judgment in dealing with corporate matters. Viewed in that context, Judge Halbert's quoted suggestion of the paramountcy of the third prong of the *Rubin* test is perhaps defensible.

However, it is the view of this Court that where there is question about *the existence of an agency relationship* of the kind required by the Rule, that question is the foundational question to be resolved in determining whether or not, under the Rule's language, the corporation should be bound in deposition by the testimony of the employee. It is apparent to this Court that the theory of the provision in the Rule is that the corporation may properly and fairly be treated as bound by statements of a person who is authorized to act for the corporation with general powers involving the exercise of discretion and judgment in respect to corporate affairs. The theory is one of "a speaking agency." The requirement of general powers is intended to assure that the scope of the authority granted to the employee in question may fairly be taken to be broad enough to contemplate that the employee may speak for the corporation in doing business on behalf of the corporation. If this theory be correct, and I believe it to be, then it is of fundamental importance that there be an agency relationship between the corporation to be deposed and the employee to be utilized to speak for the corporation in the deposition, and that that agency relationship be of sufficient breadth to justify the conclusion that the corporation may fairly be bound by what the agent says in respect to his management of corporate affairs. Viewed in this context, the first prong of the *Rubin* test is the one, in the view of this Court, that must be given paramount weight in making the determination in question.

The other case, taking Judge Halbert's view, is that of *Independent Productions Corp. v. Loew's, Inc.*, 24 F.R.D. 19, 25 (S.D.N.Y.1959), where

Judge Sugarman quotes Judge Halbert's statement from the *Sartain* case. There, the employees in question who were to be the subject of corporate deposition-taking were, without any dispute, respectively, president and director of the corporate party. Hence, here again, there was *no question* as to the existence of an agent/principal relationship of broad scope between the corporate party and the employees to be deposed on behalf of the corporate party. The entire emphasis in the case was on the proper application *of the latter two prongs of* the *Rubin* test. In that context, the result seems entirely appropriate even if the statement of the paramountcy of the third prong of the test, while understandable in context, is perhaps ill-advised as a general proposition.

**5.** In oral argument at the time of the hearing, Plaintiff's counsel relied principally upon two cases cited to the Court. They were *Boston Diagnostics Development Corp. v. Kollsman Manufacturing Co.*, 123 F.R.D. 415 (D.Mass. 1988), and *Terry v. Modern Woodmen of America*, 57 F.R.D. 141 (W.D.Mo.1972). The *Kollsman* case is distinguishable because there Mr. Gallagher, the employee in question, was found to be an engineer who had the title of Corporate Program Manager. *Kollsman*, 123 F.R.D. at 416. He was charged with starting planning for future product introduction, inviting bids on production and manufacturing units, and had authority to handle that process. He had significant authority as to selection of manufacturers, and he handled most questions generated during the business process. As chairman of the "Program Management Networking Party," he had the authority to see that everyone who had functions and responsibilities respecting the project completed their assigned functions. He had authority to resolve all issues raised with respect to the project and was "probably the most knowledgeable" of what the corporate party was doing on a day-to-day basis. *Id.* at 416–17.

Further, the facts of *Terry* established the existence of an employment relationship clearly indicating a very broad and general power of the employee; much more so than does the record here. In the *Terry* case, the Court concluded that the employee appeared "to be in complete charge of the negotiation and sale of insurance contracts" and that it also appeared "that at least he has the duties and powers of an insurance supervisor and appears to be 'clothed' with at least apparent authority, if not actual authority, of a 'managing officer or agent'." *Terry*, 57 F.R.D. at 143. This Court entertains serious doubts as to the validity of the analysis there engaged in. This Court has particular concern that the Court, apparently, did not consider the

**8**

Accordingly, the Court *CONCLUDES in limine* that the proposed deposition testimony of the subject three witnesses cannot be used by Plaintiff at trial pursuant to Federal Rule of Civil Procedure 32(a)(2).

initial prong of the *Rubin* test in its requirement of general powers to exercise discretion and judgment in dealing with corporate affairs. Nevertheless, the factual findings of the court there make the case factually distinguishable from this one because of the broader and more general nature of the authority found by the court to be held by the employee. No such quantum of proof of the exercise of general powers can be found in the present record.

The Defendant urges that these cases be distinguished because they both deal only with the question of whether a corporate defendant is required to produce a corporate witness for deposition testimony as opposed to whether that testimony may be used pursuant to Rule 32(a)(2). Such a distinction may well have significance, but it is not necessary to post the rejection of these authorities upon that consideration in this case.

The Court notes that its research discloses that the only decision by the Court of Appeals for the First Circuit dealing with the question of the definition of a "managing agent" (there pursuant to Federal Rule of Civil Procedure 30(b)(6)) is *Atlantic Cape Fisheries v. Hartford Fire Insurance Co.,* 509 F.2d 577 (1st Cir.1975). That case, however, deals with the issue of whether a dismissal of the action because of the failure of a corporation to produce the captain of the vessel at the time the events in question in the case took place, for deposition pursuant to that rule should be sustained as a sanction. The case sheds no express light upon the application of the *Rubin* test, nor of any other specific test exemplifying a proper application of the "managing agent" designation used in the Federal Rules of Civil Procedure. It is, therefore, not specifically helpful in the resolution of the issue here.