635 A.2d 1024

PANASONIC INDUSTRIAL COMPANY, A DIVISION OF MATSU-SHITA ELECTRIC CORPORATION OF AMERICA, PLAINTIFFS, v. EMERSON QUIET KOOL CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

September 1, 1993.

*Robert H. Simandl* for plaintiffs (*Simandl* and *Geer*, attorneys).

*Paul T. Graham* for defendant (*Pitney, Hardin, Kipp* and *Szuch*, attorneys).

ARNOLD, P.J.Cv.

This is a contract/breach of warranty action. The plaintiff, Panasonic Industrial Company (Panasonic), seeks to recover $2,760,499.66 from the defendant, Emerson Quiet Kool Corporation (Emerson), for air conditioner compressors supplied to Emerson. While admitting receipt of the compressors, Emerson has counterclaimed alleging breach of warranty due to an "epidemic failure" of the compressors.

At trial Emerson sought to introduce the deposition testimony of four employees of Panasonic pursuant to *R.* 4:16–1(b). Panasonic objected as to the deposition testimony of three of the employees and this court sustained the objection. This opinion supplements this court's oral opinion. *See R.* 2:5–6(c).

*R.* 4:16–1(b) states that the deposition testimony of a "managing or authorized agent" of a corporation may be introduced in evidence at trial. Emerson argued that each of the four employers was a "managing or authorized agent" of Panasonic as that term is used in *R.* 4:16–1(b). As to one employee, Joseph M. Taylor, Panasonic agreed that as the general manager of Panasonic's Appliance Materials Group, which is responsible for air conditioner compressors, he was a "managing or authorized agent." Accordingly, those portions of his deposition testimony offered by Emerson were read into evidence.

▮ As to the other three employees, Panasonic argued that they were lower level employees whose testimony could not be attributed to Panasonic. This court offered Emerson the opportunity to introduce evidence that each was a "managing or authorized agent." *See Gunter v. Fischer Scientific American,* 193 *N.J.Super.* 688, 694, 475 *A.*2d 671 (App.Div.1984); 29 *Am.Jur.2d Evidence* § 633 (1967). Emerson elected to introduce such evidence only as to one employee, Sam Piccarreta. That evidence demonstrated that he was the national sales manager in charge of sales of air conditioner compressors and that he was "second in command," apparently reporting to the general manager, Taylor.[1]

This court holds that the deposition testimony of Piccarreta is not admissible under *R.* 4:16–1(b) for the following reasons.

▮ First, whether an individual has the status of a "managing or authorized agent" as that term is used in *R.* 4:16–1(b) depends on a number of factors. They include whether the interests of the individual are identified with those of his or her principal; the nature of the individual's functions, responsibilities and authority respecting the subject matter of the litigation; and whether any person of higher authority than the individual is in

---

[1] Piccarreta and the remaining two witnesses are in the State of New Jersey, and it is undisputed that Panasonic will produce them to testify at trial at Emerson's request. Thus, their deposition testimony is not admissible under *R.* 4:16–1(c) because the appearance of the witnesses can be obtained.

charge of the particular matter or possessed the information. See *Crimm v. Missouri Pacific Railroad Company,* 750 *F.2d* 703 (8th Cir.1984), which sets forth these factors as those to be considered in deciding whether an individual is a "managing agent" as that term is used in *Fed.R.Civ.P.* 32(a)(2), which is virtually identical to *R.* 4:16–1(b). From the limited evidence offered by Emerson regarding the status of Piccarreta, the only thing that can be determined is that he was Panasonic's national sales manager of the air conditioner department and was second in command as to all accounts to Taylor, whose deposition testimony is admissible. There was no evidence offered by Emerson that Panasonic had given Piccarreta general powers to exercise his judgment and discretion as to the negotiation of the contract and warranties which are the subject matter of this litigation. Such power to exercise judgment and discretion as to the subject matter of the litigation is an important factor in deciding whether an individual is a "managing or authorized agent." *See, e.g., Reed Paper v. Procter & Gamble,* 144 *F.R.D.* 2 (D.Maine 1992); *Boston Diagnostics Development Corp. Inc. v. Kollsman Mfg. Co.,* 123 *F.R.D.* 415, 416 (D.Mass.1988); *Terry v. Modern Woodmen of America,* 57 *F.R.D.* 141 (W.D.Missouri 1972); *Colonia Capital Co. v. General Motors Corp.,* 29 *F.R.D.* 514, 518 (D.Conn.1961). Based on the testimony introduced by Emerson, this court holds that Piccarreta is not a "managing or authorized agent" as that term is used in *R.* 4:16–1(b).

The second reason for this court's holding is that *R.* 4:16–1(b) is based on the hearsay exception for vicarious admissions found in *N.J.R.E.* 803(b). Piccarreta's testimony is hearsay which does not fall within the hearsay exceptions for vicarious admissions by an employee of a party found in *N.J.R.E.* 803(b)(3) or 803(b)(4). There is no evidence that Piccarreta was authorized by Panasonic to make any statements contained in his deposition so the exception in *N.J.R.E.* 803(b)(3) is not applicable. While his deposition testimony may contain statements within the scope of his employment as the term "within the scope of the agency or

employment" is used in *N.J.R.E.* 803(b)(4), this court holds that deposition testimony does not fall within that exception. *N.J.R.E.* 803(b)(4) is the successor to *Evid.R.* 63(9). Until 1967, *Evid.R.* 63(9) was limited to statements made in *execution* of the agency employment or representative relationship. Even if the statement by the employee related to the business of a party, if the statement was not made in *execution* of the employment relationship it was not admissible. *Biunno, Current N.J. Rules of Evidence,* Comment 4 to *N.J.R.E.* 803(b). While the 1967 amendment to *Evid.R.* 63(9) expanded that hearsay exception beyond statements made in *execution* of the employment or representative relationship, no case has extended it to deposition testimony of an individual simply because that individual is an employee of a party.

And there appears to be no reason to extend this hearsay exception to deposition testimony of an available witness because of the 1980 amendment to *Evid.R.* 63(1)(a). That amendment provided that if a witness recants deposition testimony when testifying at trial, the deposition testimony is admissible as substantive evidence. The present rule, *N.J.R.E.* 803(a), is to the same effect as *Evid.R.* 63(1)(a).

Finally, a deposition is secondary evidence and live testimony is preferable. *See Mills v. Dortch,* 142 *N.J.Super.* 410, 361 *A.*2d 606 (Law Div.1976).

Accordingly, the objection to the admission of the deposition testimony of Piccarreta is sustained. Because no evidence was introduced as to the status of the other two employees, Panasonic's objection is sustained as to the admission of their deposition testimony.