Dennco, Inc. v. Cirone                    CV-94-455-SD   07/12/95
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Dennco, Inc.

      v.                                    Civil No. 94-455-SD

Dominick Cirone



                           O R D E R


      Dominick Cirone, defendant in this patent litigation, moves

the court for a stay of discovery proceedings in this case

pending resolution by the United States Patent and Trademark

Office (USPTO) of his reissue application for U.S. Patent

5,195,568 (the '568 patent).  Document 11.  The plaintiff,

Dennco, Inc., objects.  Document 15.


1.  Background

      Filed in August 1994, this action initially sought

declaratory judgment relief for the plaintiff of noninfringement

of two patents held by Cirone.[1]  By medium of counterclaim,

Cirone has alleged that plaintiff has infringed these patents.

      As of this juncture, it appears that discovery is in its

_____

      [1]The patents concern covers for golf "irons".  They include
the '568 patent and U.S. Patent 5,105,863 (the '863 patent).

early stages.  Although both parties have disclosed their expert witnesses, no depositions have as yet been completed.[2]

In his motion, defendant suggests that if his reissue application is granted, it may well broaden the scope of the '568 patent and dispose of at least some of the issues in the litigation.  Plaintiff's objection is grounded on claims that, as the reissue application refers to only one of the patents at issue and may itself be time barred, the motion for stay should be denied.[3]

2.  Discussion

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  ASC II Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  This is particularly true where, as is here the case, the parties are in

_____

[2]Interrogatories have been served by the defendant, which are currently the subject of a motion to compel (document 12), to which motion the plaintiff has also objected (document 14).

[3]Reissue proceedings are authorized by 35 U.S.C. § 251 whenever a patent is "deemed wholly or partly inoperative or invalid" through error without deceptive intent.  A reissued patent "enlarging the scope of the claims of the original patent" shall not be granted unless application therefore is made "within two years from the grant of the original patent."  Id.  The court expresses no opinion as to whether the reissue application here filed will be considered time barred by the USPTO.

2

the initial stages of the lawsuit and have undertaken little or no discovery.  Id.

A motion for stay is directed to the discretion of the court, which has inherent power to control and manage its docket and stay proceedings.  Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir.), cert. denied, 464 U.S. 935 (1983).  And it does not here appear that the plaintiff will be unduly prejudiced by a stay; indeed, the stay might well result in a reduction in the complexity and length of the litigation and may induce settlement without further court intervention.  GPAC, Inc. v. DWW Enterprises, Inc., 144 F.R.D. 60, 66 (D.N.J. 1992).

3.  Conclusion

The court finds that, under the circumstances here presented, the motion should be granted, and accordingly it is ordered that the motion to stay the proceedings should be and is granted, on condition that defendant file status reports on the reissue proceedings commencing 60 days from the date of this order and every 60 days thereafter.  The granting of the motion is also conditioned on notification by defendant to the court and counsel within 10 days of any adverse ruling by the USPTO on the issue of the time limitations and/or within 10 days of any final orders of the USPTO granting or denying the application for

3

reissue.

It is further ordered that all discovery motions currently before this court in the matter be, and hereby are, denied. If any of these discovery problems are still applicable following the reissue proceeding, they will be considered by this court only if the motions are renewed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 12, 1995

cc:  Garry R. Lane, Esq.
     Larry C. Kenna, Esq.
     Theodore Wadleigh, Esq.
     James G. Gatto, Esq.

4