Lester C. LEIST, Plaintiff,

v.

UNION OIL COMPANY OF
CALIFORNIA, a California
Corporation, Defendant.

No. 78–C–769.

United States District Court,
E. D. Wisconsin.

April 30, 1979.

See also, D.C., 470 F.Supp. 246.

Ralph M. Lauer, Lauer Law Office, Clintonville, Wis., for plaintiff.

Foley & Lardner by Steven E. Keane, Ronald M. Wawrzyn, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for a protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure, and for an order staying the discovery from the defendant until its motion for a protective order is decided.

On March 21, 1979, the plaintiff served a notice on the defendant that the deposition of Donald P. Morris, an employee of the defendant residing in Cincinnati, Ohio, would be taken in Milwaukee, Wisconsin, on March 30, 1979. The defendant urges that it is inappropriate to conduct the deposition of Mr. Morris in Milwaukee because he resides in Cincinnati, Ohio, and the general practice is to conduct a deposition at the place where the deponent resides. 4 Moore's Federal Practice ¶ 26.70[1.–3].

The plaintiff opposes the request for a protective order. The plaintiff has submitted an affidavit in which he states that he is unemployed and impecunious, that both he and his wife have health problems, that the defendant transacts a considerable volume of business in this district, that the defendant has retained counsel in this district, and that conducting depositions in this district will not inconvenience the defendant but will impose great inconvenience on the plaintiff.

The defendant argues in reply that to allow the plaintiff to depose its personnel without regard to their residence could lead to abuse by him. The defendant also argues that it might be subjected to considerable expense if its employees were required to attend depositions in Wisconsin.

Rule 26(c) requires that a person seeking a protective order must show good cause for the relief sought. Specifically, the applicant must show that justice requires an order to protect him from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." In my opinion, the defendant has not made the necessary showing with regard to Mr. Morris. However, if additional depositions are sought, a protective order may be appropriate.

It is clear that the district court is vested with wide discretion to designate the location for the taking of depositions and that each application must be considered on its own facts and equities. *Thompson v. Sun Oil Co.*, 523 F.2d 647 (8th Cir. 1975); *Terry v. Modern Woodmen of America*, 57 F.R.D. 141 (W.D.Mo.1972); *Baker v. Standard Industries, Inc.*, 55 F.R.D. 178 (D.P.R. 1972). In the *Baker* case, it was observed that it is proper to consider the financial position of the deponent and that of the corporate party for which he works in designating the place for his deposition.

In my judgment, the record does not support a conclusion that the defendant is in need of a protective order. In view of the comparative burdens on the parties and the fact that all counsel are located in this district, I decline to grant the defendant's request for a protective order. However, if the plaintiff seeks to depose other non-resident employees of the defendant, the instant order should not be understood to limit the defendant's right to reapply for a protective order as to such other deponents.

Therefore, IT IS ORDERED that the defendant's motion for a protective order be and hereby is denied.

IT IS ALSO ORDERED that upon the plaintiff's service of an amended notice of deposition, Donald P. Morris appear in Milwaukee, Wisconsin, at such time and place as is designated in such amended notice.