Marcus W. TURNER, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

No. C–87–545–D.

United States District Court, M.D. North Carolina, Durham Division.

March 18, 1988.

William P. Daniell, Durham, N.C., for plaintiff.

Robert L. Emanuel, Raleigh, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Defendant moves to vacate plaintiff's notice to depose one of defendant's officers in Durham, North Carolina, or, in the alternative, it moves for a protective order requiring the deposition to be held in Jacksonville, Florida, where the officer resides and works. Plaintiff's notice of deposition requests that the defendant designate one or more of its officers or directors to testify concerning the guidelines, policies, and practices of defendant which relate to approval and acceptance of small group insurance policies and oral assurances of coverage for dependents, and the reason why defendant denied his claims for his son's medical care. This information is pertinent to plaintiff's claim. He attempted to get medical insurance coverage for his ground maintenance business. Plaintiff thought he had obtained coverage of the workers and their dependents. His son then contracted a serious illness, necessitating expensive medical treatment. Defendant refused to pay the medical claim, stating plaintiff did not have coverage on his son.

To comply with the notice of deposition, defendant selected an officer who resides in Jacksonville, Florida. It claims that all of its pertinent records and personnel are situated in Florida and that it should not be required to incur the extra expense of having the employee travel to North Carolina for the deposition. Plaintiff argues that all of the attorneys who will litigate this case are located in North Carolina, that defendant is a big corporation having offices and doing considerable business in this area, that the absence of the employee from work for one day and the price of her ticket would constitute a minimal burden on de-

fendant, and finally, that it was defendant who is responsible for designating someone at the Home Office to be the deponent. Plaintiff shows that he has a small business, that his son has incurred medical bills in excess of $50,000.00, and the expense of travel for him and his attorney to Florida would be a financial hardship to him.

### Discussion

Certain general principles apply in selecting the place to conduct a deposition. A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R. Civ.P., designating a different place. 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2112 at 403 (1970). The Court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses. *Id.* at 404–05. Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district. A defendant, on the other hand, does not choose the forum and, therefore, the Court is more likely to protect it from a deposition set in the forum district. Finally, a deposition of a corporation through its agents or officers should normally be taken at the principal place of business of the corporation. *Id.* at 409–10; *Farquhar v. Shelden,* 116 F.R.D. 70 (E.D. Mich.1987).

Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place. *Farquhar v. Shelden, supra.* Ultimately, the Court must consider each case on its own facts and the equities of the particular situation. *Leist v. Union Oil Co. of California,* 82 F.R.D. 203 (E.D. Wis.1979), and cases cited therein.

Initially, the Court considers the cost of transportation and lost work to defendant, along with the expense and inconvenience of moving large amounts of documents. *See General Leasing Co. v. Lawrence Photo–Graphic Supply,* 84 F.R. D. 130 (W.D.Mo.1979). A claim of financial hardship on behalf of plaintiff will not alone demonstrate an exceptional or compelling need to alter the general rule. *Id.* at 131. However, as the disparity in burden and inconvenience increases between the parties, the Court will take that into account along with other factors in deciding whether to require defendant to submit to a deposition in the forum district. Factors which support holding the deposition in the forum district are:

(1) Counsel for the parties are located in the forum district. *Farquhar v. Shelden, supra; Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166 (S.D.N.Y.1985); *Leist v. Union Oil Co. of California, supra.*

(2) The defendant is a large corporation whose employees often engage in travel, only one or two employees will be required to travel to the deposition, and the document production is not oppressive. (A more extensive travel burden on defendant may likely invoke a protective order or an order requiring plaintiff to pay the travel expenses.) *Compare Sugarhill Records Ltd. v. Motown Record Corp., supra,* at 172; *Leist v. Union Oil Co. of California, supra;* with *Thompson v. Sun Oil Co.,* 523 F.2d 647 (8th Cir.1975)–(protective order granted).

(3) Significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns. *See Financial General Bankshares, Inc. v. Lance,* 80 F.R.D. 22 (D.D. C.1978).

(4) The nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equities favors a deposition site in the forum district. *See Terry v. Modern Woodmen of America,* 57 F.R.D. 141 (W.D.Mo.1972) (insurance beneficiary).

The cost to defendant of transporting the employee and any documents has not been shown to be exceptional. On the other hand, several factors support plaintiff's po-

sition that the deposition of one of defendant's agents should be in this District. All of the counsel are located here, and defendant is a large company whose officers may be expected to travel with minimal inconvenience. Plaintiff, on the other hand, is a small business person who has large medical bills. The disparity in the inconvenience and financial burden on the parties favors plaintiff. Finally, plaintiff only seeks to depose one person and it was defendant who chose an employee from the Home Office in Florida, rather than one from this area.

In addition to the above factors, in this case the nature of the claim and the relationship of the parties supports a decision to conduct the deposition in the forum district. The claim here involves plaintiff's attempt to have coverage determined for a medical insurance policy he purchased from defendant. Plaintiff is a small employer and defendant is a large insurance corporation. Defendant sells insurance policies in various states and, therefore, can well be expected to have claims and actions brought by its policyholders in those states, especially, as to its medical policies. Defending lawsuits in various forums throughout this country is, therefore, one of the expected costs of doing business for defendant. *Compare Rossman v. State Farm Mut. Auto. Ins. Co.*, 832 F.2d 282, 286–87 (4th Cir.1987) (insurance company required to defend policyholder in state where automobile accident occurred). Under these circumstances, plaintiff's request to depose defendant concerning the policy in the state where the policy issued is both reasonable and expected, and defendant's claim of hardship in having to submit itself, through its officers, for deposition in the forum district is entitled to less sympathetic consideration. This additional factor decidedly tips the balance in plaintiff's favor, therefore, requiring defendant's officer to appear in this District for deposition.

IT IS THEREFORE ORDERED that defendant's motion to vacate plaintiff's notice of deposition or for a protective order requiring the deposition of defendant's officer to be held in Jacksonville, Florida, is denied, and the parties shall forthwith arrange to conduct the deposition in Durham, North Carolina, and counsel for both sides shall confer to select a convenient time.