**RESOLUTION TRUST CORPORATION,**
**As Receiver for Metropolitan**
**Financial Federal**

v.

**WORLDWIDE INSURANCE**
**MANAGEMENT CORP. and**
**Lawrence E. Moffitt.**

**Civ. A. No. 3:89–2313–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 8, 1992.

---

**126**

Retta A. Miller, Jackson & Walker, Dallas, TX, for plaintiff.

Ira E. Tobolowsky, Tobolowsky & Assoc., Dallas, TX, Dennie P. Schwartz, McKinney, TX, for defendant.

## ORDER

COBB, Visiting District Judge.

### Facts

On July 23, 1992, this court granted the Resolution Trust Corporation ("RTC") judgment against World Wide ("WW") for over one million dollars, including interest and attorney fees. As part of its post-judgment discovery, RTC asked WW to produce an officer, director, or managing agent for deposition. WW designated Jerry Weiner, WW's President and sole director.

Weiner resides in London, England. RTC wants to depose him in Dallas, WW's principal place of business. WW insists that this post-judgment discovery is burdensome, embarrassing, and oppressive. It moves the court to:

1. stay all discovery until the action has been fully litigated and appealed; and

2. issue a protective order against all of the RTC's discovery requests to protect WW from undue burden and expense, annoyance, embarrassment, and oppression.

3. Alternatively, WW requests that the RTC be required to take Weiner's deposition in London.

RTC argues that WW failed to appear in response to RTC's valid post-judgment deposition notice duces tecum. Since WW offered no justification for failing to appear and produce documents, RTC claims it is entitled to sanctions against WW and an order compelling WW to appear and produce documents.

## DISCUSSION

1. Worldwide's Motion for Protective Order

The first question before this court is whether WW should be protected from post-judgment discovery until it has fully litigated and appealed its case. RTC correctly argues that WW's appeal of this suit is insufficient to

stay WW's appearance and production of documents because WW has failed to post a supersedeas bond as required by Rule 62(d) of Federal Rules of Civil Procedure.

■ The burden is on the movant to establish the necessity of a protective order upon a showing of "good cause." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978). Such a showing requires the movant to show the necessity of the issuance with a specific demonstration of fact rather than mere conclusory statements. *Id.*

■ WW has failed to demonstrate any such "good cause." WW instead cites Rule 26(b)(1) as the sole authority to support its motion for a protective order. That rule states:

> The frequency or extent of use of discovery ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome and expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation....

Fed.R.Civ.P. 26(b)(1). Under each of this rule's criteria, WW's motion must fail. WW has not argued, nor can this court find, any evidence that the discovery sought is "unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Id.* Nor does WW claim that RTC has had ample opportunity to obtain the information sought. Finally, WW did not show why producing Weiner in Dallas would be embarrassing, annoying, burdensome, or expensive. WW's motion for a protective order is therefore denied.

### 2. RTC's motion to compel

■ The next question is where Weiner's deposition should take place. This court has broad discretion to determine the appropriate place for examination and may attach conditions such as the payment of expenses. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir.1981); *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C.1988). There is an initial presumption that a defendant should be examined at his residence or principal place of business. *Turner*, 119 F.R.D. at 383. Deposition of a corporation through its agents or officers should normally be taken at the principal place of business of the corporation. *Id.*; *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D.Kan.1991); *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D.Mich.1987). A number of factors may overcome the presumption and persuade the court to permit the deposition elsewhere:

1. counsel for the parties being located in the forum district;

2. plaintiff seeking to depose only one corporate representative;

3. defendant choosing a corporate representative that resides outside the location of the principal place of business and the forum district;

4. significant discovery disputes that may arise and the anticipated necessity of the resolution by the forum court; and

5. the claim's nature and the parties' relationship such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

*Turner*, 119 F.R.D. at 383–34. The district court must ultimately consider each case on its own facts and the equities of the particular situation. *Id.* at 383.

In this case, the factors indicate Weiner should be deposed in Dallas. Counsel for both parties is located in Dallas. RTC only seeks to depose one corporate representative. At RTC's request, WW designated Weiner, who lives outside of Dallas. WW, however, is a Texas corporation and maintains both its principal place of business and an office in Dallas. The lawsuit's forum district is also in Dallas. Finally, this court is familiar with this lawsuit's underlying nature and the parties' relationship. The previous lack of cooperation between these parties leads this court to believe that significant post-judgment discovery disputes may arise which will necessitate resolution by the fo-

rum court. Consideration of each of these factors point to Dallas as the appropriate place for the deposition. RTC's motion to compel is granted.

3. Reasonable Costs

■ It is within this court's discretion to determine which party should bear any travel expenses associated with the deposition. *Undraitis v. Luka,* 142 F.R.D. 675, 676 (N.D.Ind.1992). Both parties will equally share the *reasonable* costs of the deposition. This means, for example, that Mr. Weiner will fly to Dallas on coach fare and will be permitted no more than $150 per day for his meals and hotel.

4. Sanctions

The final issue is whether to impose sanctions. This suit has an acrimonious history before this court. The lack of cooperation between the parties is appalling. Although it is premature to decide whether sanctions should be imposed, the court will take the matter under advisement. It will not tolerate any more subversiveness by any party. Counsel on both sides are hereby on notice that this court will hold a hearing after all discovery is completed to determine whether sanctions should be imposed, the amount, and any other related matters. In the mean time, it is the court's sincere hope that each party will fully cooperate with the others to finally put this matter to rest.