**RAPOCA ENERGY COMPANY, L.P.,**
**Plaintiff and Counterclaim**
**Defendant,**

v.

**AMCI EXPORT CORPORATION,**
**Defendant and Counterclaim**
**Plaintiff.**

**CIV. A. No. 1:00CV00162.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Jan. 6, 2001.

## MEMORANDUM OPINION

SARGENT, United States Magistrate Judge.

### I. Background and Facts

This matter is before the court on the plaintiff's January 4, 2001, Motion For Order Establishing The Location For Depositions of AMCI Witnesses, ("the Motion") (Docket Item No. 8). A hearing was held by telephone conference call on this matter on January 4, 2001.

The plaintiff in this case, Rapoca Energy Company, L.P., ("Rapoca"), has filed suit against the defendant AMCI Export Corporation, ("AMCI"), seeking a declaratory judgment that it has no liability or obligation to AMCI under certain purchase orders forwarded by AMCI to Rapoca for the purchase of coal. AMCI has filed a counterclaim seeking a declaratory judgment that Rapoca is obligated to deliver coal to AMCI pursuant to the terms of these purchase orders. AMCI's counterclaim also includes a breach of contract claim seeking monetary damages from Rapoca.

The case is currently before the undersigned based on a dispute as to the location of the depositions of certain of AMCI representatives. While it appears that no formal notices of deposition have been served, Rapoca seeks to depose Ernie Thrasher, AMCI President, Jack Porco, AMCI Vice President, and Robert Moir, AMCI Regional Manager, on Monday, January 15, 2001, in Abingdon, Virginia, which is located in the forum district. AMCI has agreed to make these witnesses available on this date, but AMCI contends that the depositions should be taken in Latrobe, Pennsylvania, AMCI's principal place of business.

### II. Analysis

Rapoca argues that AMCI should be compelled to produce these three individuals for depositions to be conducted in the Western District of Virginia because AMCI has filed a permissive counterclaim and the facts and circumstances warrant production of these witnesses in the forum district. See Armsey v. Medshares Management Services, Inc., 184 F.R.D. 569 (W.D.Va.1998). AMCI, on the other hand, contends that its counterclaim was compulsory and, therefore, its filing should not alter the general rule that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business. See Zuckert v. Berkliff Corp., 96 F.R.D. 161 (N.D.Ill.1982); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962). AMCI further argues that the facts and circumstances of this case do not warrant compelling these wit-

nesses to appear for depositions in the forum district.

The undersigned previously has set out the law controlling a court's analysis of this issue in *Armsey*, 184 F.R.D. at 571–72. As recognized in *Armsey*, the court's analysis of this issue must start by recognizing that, under the Federal Rules of Civil Procedure, a federal court has broad discretion to determine the appropriate location for a deposition and may attach conditions, such as the payment of expenses, as it finds appropriate. *See* FED. R. CIV. P. 26(b), (c), 30; *Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D.Tex. 1992). There is an initial presumption that a defendant should be deposed in the district of his residence or principal place of business. *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988). Also, a deposition of a corporation through its agents or officers normally should be taken in the district of the corporation's principal place of business. *Turner*, 119 F.R.D. at 383. Under the Federal Rules of Civil Procedure, however, there is a distinction between agents or officers of a corporate party, who may be compelled to attend a deposition based on notice only, and employees who are not officers, directors or managing agents of the corporate party and who must be served with a subpoena to compel their testimony. *Burns Bros. v. The B & O No. 177*, 21 F.R.D. 142 (E.D.N.Y. 1957).

A number of factors, however, may overcome the presumption and persuade a court to permit the deposition of a corporate agent or officer to be taken elsewhere. *Armsey*, 184 F.R.D. at 571. These factors include location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; whether the defendant has filed a permissive counterclaim; and the equities with regard to the nature of the claim and the parties' relationship. *Armsey*, 184 F.R.D. at 571–72 (citing

*Resolution Trust Corp.*, 147 F.R.D. at 127; *Turner*, 119 F.R.D. at 383). Ultimately, however, the court must consider each case on its own facts and the equities of the particular situation. *See Turner*, 119 F.R.D. at 383. While both parties argue that the *Armsey* opinion supports their respective positions, I find several persuasive distinctions between the facts and circumstance presented in the *Armsey* case and those of this case.

Unlike in *Armsey*, there is no evidence that the corporate defendant in this case has any offices or places of business in the Western District of Virginia. While AMCI has conducted and does conduct business in this district, there is no evidence that any of these individuals, other than Moir, routinely travels to this district. Also, I am pleased to note that, unlike in *Armsey*, I have no reason to anticipate the likelihood of additional discovery disputes which would necessitate the court's intervention. I also note that this case involves two corporate parties, and Rapoca has presented no evidence that incurring the cost of its counsel's travel will result in any hardship. In fact, based on the facts and circumstances currently before the court, I can find only one factor weighing in favor of compelling that these depositions be conducted in this district, and that factor is my conclusion that AMCI has filed a permissive counterclaim.

While at first glance, AMCI's counterclaim would appear to be considered a "compulsory" counterclaim under Federal Rule of Civil Procedure 13(a), I hold that it must be considered a "permissive" counterclaim, in that it was raised in response to a declaratory judgment action. I reach this conclusion in large part based on the reasoning set out by the Sixth Circuit in *BGB Pet Supply, Inc. v. Nutro Products, Inc.*, 124 F.3d 196, 1997 WL 476519 (6th Cir. August 19, 1997) (per curiam). In that case, the Sixth Circuit held that the preclusive effect of a declaratory judgment does not extend to issues not litigated, including additional claims by the plaintiff or counterclaims by the defendant. 1997 WL 476519, at *4, 124 F.3d 196. The Sixth Circuit adopted the reasoning of the Restatement (Second) of Judgments, which argues that nonmerger of

claims is justified based on the purpose of declaratory relief. 1997 WL 476519, at *4, 124 F.3d 196 (citing Restatement (Second) of Judgments § 33, cmt. c at 335–36 (1982)). *See also Perry Drug Stores, Inc. v. CSKG, Inc.*, 83 F.Supp.2d 873, 879 n. 7 (E.D.Mich. 2000). The Sixth Circuit reasoned that to hold otherwise would require every declaratory judgment action to be converted into full-scale litigation for substantive relief. 1997 WL 476519, at *5, 124 F.3d 196. I agree. I also believe that the statutory language of 28 U.S.C. § 2201 recognizes that the preclusive effect of a declaratory judgment does not extend to any issues not litigated, in that it allows federal courts to render declaratory judgment "whether or not further relief is or could be sought." 28 U.S.C.A. § 2201 (West 1994). While I cannot find that the Fourth Circuit has addressed this specific issue, I note that the court has recognized that parallel proceedings for declaratory judgment and substantive relief arising out of the same transaction or occurrence may exist in different jurisdictions at the same time. *See United ed Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493–94 (4th Cir.1998).

 Thus, this court must decide whether the fact that AMCI has filed a permissive counterclaim in a declaratory judgment action, standing alone, is sufficient to overcome the presumption that the depositions of its officers should be taken in the district of AMCI's principal place of business. I find that it is not, and, therefore, I will deny Rapoca's Motion. In particular, I believe that it is unfair to prejudice AMCI simply because it made the determination that economy would be served by the same court hearing both Rapoca's declaratory judgment action and its claim for monetary damages based upon breach of contract. "Clearly the parties' dispute can be resolved far more easily, more expeditiously, less expensively and with far more efficient use of judicial resources if all aspects of the dispute are consolidated before the same court." *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson,* 1999 WL 592399 (E.D.Pa. August 5, 1999).

 I also note that based on the information currently before the court, it appears

that Moir is not an officer or managing agent but, rather, an employee of AMCI. As such, his deposition testimony must be compelled by subpoena, unless the parties agree otherwise. *See In re Honda American Motor Co., Inc. Dealership Relations Litig.,* 168 F.R.D. 535, 540 (D.Md.1996).

### III. Conclusion

Based on the above-stated reasons, I will deny the Motion. An appropriate order will be entered.