**JSC FOREIGN ECONOMIC ASSOCIATION TECHNOSTROYEXPORT, Plaintiff,**

v.

**INTERNATIONAL DEVELOPMENT AND TRADE SERVICES, INC., et al., Defendants.**

No. 03 Civ.5562 JGK.

United States District Court, S.D. New York.

March 25, 2004.

Barry A. Bohrer, Elizabeth Small, Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., Joel M. Cohen, James Wilson Perkins, Greenberg Traurig, LLP, New York City, Jonathan P. Graham, Christopher N. Manning, Williams & Connolly, L.L.P., Ari S. Zymelman, Washington, D.C., for defendants.

Ira M. Feinberg, Matthew A. Michaels, Tracey A. Tiska, Hogan & Hartson, L.L.P., New York City, for plaintiff.

### OPINION and ORDER

KOELTL, District Judge.

Defendants M & B Oxford 41, Inc. ("M & B Oxford"), P & F Equities, Inc. ("P & F Equities"), and Atrium Square, Inc. ("Atrium Square") (collectively, "entity defendants"), object to Magistrate Judge Peck's February 9, 2004 orders requiring M & B Oxford and P & F Equities to produce Michael Shine and requiring Atrium Square to produce Dennis John Edwards for depositions.

The Objections should be sustained only if the Magistrate Judge's rulings were clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

The following facts are not substantially in dispute between the parties. Mr. Shine has stated that he never acted in any respect as an attorney for either M & B Oxford or for P & F Equities. (Declaration of David Perlmutter dated Feb. 9, 2004 ("Perlmutter Decl.") attached as Ex. 1 to Defs.' Objections ¶¶ 3(a)–3(b).) However, in 2002 M & B Oxford paid Mr. Shine $650,000 for "legal fees." (Ex. 12 to Declaration of Tracey A. Tiska ("Tiska Decl.") dated Mar. 10, 2004.) The entity defendants contend that these fees were not in fact legal fees but were paid for mortgage interest that was due. (Ex. A to Declaration of Joel M. Cohen dated Mar. 17, 2004.) Mr. Shine was previously an officer and director of Atrium Square, but he resigned those positions in September 2003. (Perlmutter Decl. ¶ 3(c).) [1]

Mr. Shine currently has an attorney-client relationship with Grandchester Holdings, Ltd. ("Grandchester"), a British Virgin Islands entity that holds all the shares of P & F Equities, which in turn holds all the shares of M & B Oxford. (Perlmutter Decl. ¶ 3(a).) Mr. Shine also acts as attorney-in-fact for O.C.S. Management, Ltd. ("OCS"), an Isle of Man company that is the corporate director of Grandchester. (Perlmutter Decl. ¶ 3(a).) In addition, Mr. Shine has an attorney-client relationship with Arexco Management Holdings, Ltd. ("Arexco"), an entity that holds all the shares of Atrium Square. (Perlmutter Decl. ¶ 3(d).) Mr. Shine has stated that he has never had any direct or indirect ownership interest in the entity defendants, Grandchester, OCS, or Arexco. (Perlmutter Decl. ¶ 3(e).)

Mr. Shine stated that Mr. Edwards is a director of OCS, and that Mr. Edwards re-

---

**1.** The Perlmutter Declaration erroneously states that Mr. Shine resigned in September 2004, but the parties agree that he resigned in September 2003.

signed as an officer and director of Atrium Square in November 2003. (Perlmutter Decl. ¶ 3(f) & 4.)[2] OCS apparently has the authority to act on behalf of Arexco. (Ex. 7 to Tiska Decl.)

Counsel for the entity defendants represents that both Mr. Shine and Mr. Edwards have made it clear that they will not appear, voluntarily or by order, for depositions in this case.

■ The issue raised by the defendants' Objections is whether the Magistrate Judge's orders that the defendants produce Mr. Shine and Mr. Edwards for depositions were clearly erroneous or contrary to law. Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, *2 (S.D.N.Y. May 31, 2002); *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y.1994); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y.1985). The burden is on the examining party to establish the status of the witness, but this burden is "modest" and any doubts are resolved in favor of the examining party. *Dubai*, 2002 WL 1159699, at *4.

■ In this case, there is no dispute that neither Mr. Shine nor Mr. Edwards was an officer or director of any of the entity defendants at the time the depositions were noticed. Determining whether a person is a "managing agent" is answered "pragmatically and on a fact-specific basis." *Dubai*, 2002 WL 1159699, at *2. Courts in this district generally consider five factors in determining whether a person is a managing agent:

1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*Dubai*, 2002 WL 1159699, at *3 (internal citation omitted) (collecting cases).

■ The record thus far does not support a conclusion that either Mr. Shine or Mr. Edwards acts as a managing agent for any of the entity defendants. There is no evidence that either Mr. Shine or Mr. Edwards exercises judgment or discretion in the affairs of any of the entity defendants. Mr. Shine and Mr. Edwards each resigned their respective officer and director positions with the entity defendants before their depositions were noticed. Mr. Shine serves as counsel to Grandchester, the parent company of M & B Oxford and P & F Equities, but there is no evidence that this position confers any power on him that would make him the functional equivalent of a "managing agent" for either M & B Oxford or P & F Equities. The plaintiffs have not shown that Mr. Edwards' position at OCS is one that allows him to exercise his judgment and discretion in the affairs of Atrium Square or that identifies his interests with those of Atrium Square. Moreover, Mr. Shine and Mr. Edwards have made it clear that they refuse to appear for any depositions in this case, even at the expense of possible sanctions against the entity defendants. There is therefore no basis to conclude that either Mr. Shine or Mr. Edwards identify with the interests of the corporate parties directed to produce them. *See Afram Lines*, 159 F.R.D. at 414 (refusing to require deposition by notice where "the proposed deponent is not an employee of the opponent and may, in fact, be beyond its control," and where allowing deposition by notice would result in "not merely the waiver of formal subpoena procedures," but also sanctions on the opponent "for failing to produce witnesses who are in fact beyond its control").

---

**2.** Again, the Perlmutter Declaration erroneously states that Mr. Edwards resigned in November 2004, but the parties agree that he resigned in November 2003.

The plaintiff notes that courts have sometimes held that corporate parties must produce individuals, including former officers or directors, pursuant to Rule 30, even though those individuals had no formal affiliation or position with the corporations at the time their depositions were noticed. The cases cited by the plaintiff, however, do not support a similar conclusion in this case. *See, Smith v. Shoe Show of Rocky Mount, Inc.,* No. 00–30141, 2001 WL 1757184, at *2 (D.Mass. April 26, 2001) (requiring production of witness who, although he had changed jobs, "remains a managing agent to the present time" and whose "present management responsibilities" invested him with power to exercise judgment and discretion over corporation's affairs); *Independent Prods. Corp. v. Loew's, Inc.,* 24 F.R.D. 19, 23–24, 26 (S.D.N.Y.1959) (requiring production of witnesses who had resigned specifically to avoid depositions in case but who still retained financial stake in outcome of litigation, and who "are in a very real sense now in the 'employ' of the plaintiffs although formal ties are broken"); *Founding Church of Scientology v. Webster,* 802 F.2d 1448, 1453 (D.C.Cir. 1986) (district court properly required Church of Scientology to produce its founder, L. Ron Hubbard, as a managing agent because Hubbard still exercised "ultimate control" over church despite his ostensible resignation from official position).

In this case, for the reasons explained above, there is no basis to conclude that the entity defendants have control over Mr. Shine or Mr. Edwards, or that Mr. Shine and Mr. Edwards exercise such judgment and discretion over the affairs of these corporations that they could be required, despite their resignations from official positions, to testify pursuant to Rule 30(b)(1). A managing agent is a "person who has the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer." *Loew's,* 24 F.R.D. at 25 (internal citation omitted). Mr. Shine and Mr. Edwards do continue to have some attenuated connections with the entity defendants; however, they have refused to appear for noticed depositions and have made it clear that they will not appear in the future, even at the expense of sanctions for the entity defendants, so it cannot be said that their interests are identified with those of the entity defendants. Therefore, it cannot be concluded that the entity defendants control either Mr. Shine or Mr. Edwards to such an extent that they could be compelled to testify pursuant to a notice of deposition, and that the entity defendants could be subject to sanctions for failing to make them appear.

For these reasons, the entity defendants' Objections to Magistrate Judge Peck's February 9, 2004 orders are sustained. The notices of deposition of Mr. Shine and Mr. Edwards are vacated. The plaintiff must treat both Mr. Shine and Mr. Edwards as they would any other non-party witness. Because both men are overseas, the plaintiff must follow the procedures of the Hague Convention or other applicable treaties to secure their testimony. *See Dubai,* 2002 WL 1159699, at *2.

**SO ORDERED.**