**CADENT LTD.**

v.

**3M UNITEK CORPORATION, et al., and related counterclaim.**

**No. CV 04–2885–GAF(RCx).**

United States District Court, C.D. California.

Sept. 21, 2005.

William A. Molinski and Jae H. Kim, attorneys-at-law with the firm Orrick, Herrington & Sutcliffe, Los Angeles, CA, for Plaintiffs.

Alexander F. MacKinnon and Valerie Y. Hung, attorneys-at-law with the firm Kirkland & Ellis, Los Angeles, CA, for Defendants.

## PROCEEDINGS: (IN CHAMBERS) (1) ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE WITNESSES FOR DEPOSITIONS IN LOS ANGELES AND (2) GRANTING, IN PART, PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER

CHAPMAN, United States Magistrate Judge.

On August 17, 2005, defendants filed a notice of motion and motion to compel plaintiff to produce witnesses for depositions in Los Angeles, a joint stipulation, and the supporting declaration of Valerie Y. Hung with exhibits, and plaintiff filed the declaration of William A. Molinski with exhibits in opposition to defendants' motion. On August 23, 2005, defendants filed their supplemental memorandum and the supplemental declaration of Valerie Y. Hung with exhibits, and on August 26, 2005, plaintiff filed its supplemental memorandum and the supplemental declaration of Yishai Boyarin with an exhibit. The matter is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

## BACKGROUND

On April 26, 2004, plaintiff Cadent, Ltd., an Israeli corporation, filed a complaint against 3M Unitek Corporation ("3M Unitek"), a California corporation with its principal place of business in this district, for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, conversion and fraud. On July 22, 2004, defendant 3M Unitek answered the complaint, raised several affirmative defenses and filed a counterclaim for breach of contract, promissory estoppel and unjust enrichment, and on December 29, 2004, plaintiff replied to defendant 3M Unitek's counterclaim and raised affirmative defenses. On June 1, 2005, District Judge Gary A. Feess ordered defendant 3M Innovative Properties Company ("3M IPC") added as a defendant and counterclaimant in this action (since the patents at issue are owned by 3M IPC by virtue of an assignment from the inventors who had been employed by 3M Unitek). On June 7, 2005, defendant 3M IPC answered the complaint, raised several affirmative defenses and filed a counterclaim for correction of named inventor under 35 U.S.C. § 256 and conversion, and on July 7, 2005, plaintiff replied to defendant 3M IPC's counterclaim and raised affirmative defenses.

The gravamen of plaintiff's complaint is that defendants breached two written agreements entered into in 1995 and 1998 between plaintiff and defendants by unilaterally, without plaintiff's knowledge, deleting the name of plaintiff's employee, Baruch Nissenbaum, from among the inventors when applying to the United States Patent Office for patent nos. 6,152,731 ("'731 patent") and 6,322,359 ("'359 patent"). On the other hand, defendants claim plaintiff is improperly trying to expand its rights in an invention to acquire ownership and interests in patents it did not invent because plaintiff's employee did not contribute to the inception of any of the claims in the '731 and '359 patents. Defendants' counterclaims are based on plaintiff's failure to pay amounts owed under the 1998 agreement.

## DISCUSSION

■■■ The Federal Rules of Civil Procedure provide two methods by which a corporate party to a proceeding may be deposed: (1) Rule 30(b)(1) provides for the deposition by notice of a corporation through a particular officer, director or managing agent of the corporation;[1] and (2) Rule 30(b)(6) provides

---

1. Under Rule 30(b)(1), it is well recognized that "if the corporation is a *party, the notice compels it to produce* any 'officer, director or managing agent' named in the deposition notice. It is not necessary to subpoena such individual. The corporation risks *sanctions*—including default or

for the deposition of the corporation by notice setting forth "with reasonable particularity" the matters on which the examination of the corporation's most knowledgeable person will take place.[2] *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y.1994); *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68 (D.Mass.1987). When an employee named in a deposition notice "is a director, officer, or managing agent of [a corporate party], such employee will be regarded as a representative of the corporation." *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D.Kan.1991); *United States v. One Parcel of Real Estate at 5860 North Bay Rd.*, 121 F.R.D. 439, 440–41 (S.D.Fla.1988). This means that under Rule 32(a), depositions of corporate officers under Rule 30(b)(1), as well as Rule 30(b)(6) depositions, may be used at trial against the corporate party. *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir.1999); *Crimm v. Missouri Pac. R.R. Co.*, 750 F.2d 703, 708–09 (8th Cir.1984).

The dispute between the parties to this action is fairly simple and straightforward. On July 28, 2005, defendants noticed the Rule 30(b)(6) deposition of plaintiff corporation and the depositions of three of plaintiff's officers and one of its employees: Eldad Taub, Chief Financial Officer; Avi Kopelman, Products Vice President; Edward J. Sitar, Executive Vice President and Chief Financial Officer; and Mr. Nissenbaum, an engineer, setting all depositions in Los Angeles, California, during the period between September 15 and September 29, 2005. Joint Stip. at 4:13–22; Hung Decl., ¶ 4, Exh. 3. Mr. Sitar resides and works in New Jersey and Messrs. Taub, Kopelman and Nissenbaum reside and work in Israel. Molinski Decl., ¶ 6. Plaintiff has refused to produce the deposition witnesses in Los Angeles, and it opposes defendants' motion to compel that the depositions be held in Los Angeles and

seeks a protective order requiring the depositions be held in Israel, plaintiff's principal place of business, or alternatively in New York, and requiring defendants to share plaintiff's expenses for attending the depositions in New York, or pay all of plaintiff's expenses if the depositions are taken in Los Angeles.

■ "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed. R.Civ.P., designating a different place." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C.1988) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2112 at 403 (1970)). Nevertheless, the general rule for setting the location of a corporate party's deposition is:

> The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This is subject to modification, however, when justice requires. [¶] An important question in determining where to hold the examination is the matter of expense.... The protective order rule, now Rule 26(c), was amended in 1970 to include protection from "undue burden or expense" as a ground for a protective order.... [¶] In each case in which a motion [for a protective order] is made the court considers the facts, selects the place of examination, and determines what justice requires with regard to payment of expenses and attorneys' fees....

Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2112 at 84–85 (1994 rev.) (footnotes omitted).

■ "[A] number of factors serve to dissipate the presumption [that a corporate party's deposition should be held at its principal place of business] and may persuade the Court to require the deposition to be con-

---

dismissal—if the designated individual fails to appear." Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Fed. Civil Procedure Before Trial*, §§ 11:1419, 11:2226 (2005 rev.) (emphasis in original); *JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y.2004).

2. "Once served with a Rule 30(b)(6) notice, the corporation is compelled to comply, and it may be ordered to designate witnesses if it fails to do so." *United States v. J.M. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C.1996). However, the Court has not been advised by the parties whether plaintiff has designated its Rule 30(b)(6) witness(es).

ducted in the forum district or some other place." *Turner*, 119 F.R.D. at 383; *Rapoca Energy Co., L.P. v. AMCI Export Corp.*, 199 F.R.D. 191, 193 (W.D.Va.2001). "These factors include location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate-resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship." *Armsey v. Medshares Mgmt. Servs.*, 184 F.R.D. 569, 571 (W.D.Va.1998); *Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D.Tex.1992).

■ Accordingly, "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum [where the action is pending], for the convenience of all parties and in the general interests of judicial economy." *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D.Ind.2000); *see also Leist v. Union Oil Co. of California*, 82 F.R.D. 203, 204 (E.D.Wis.1979) ("[It] is proper to consider the financial position of the deponent and that of the corporate party for which he works in designating the place for his deposition."); *Baker v. Standard Indus., Inc.*, 55 F.R.D. 178, 179 (D.P.R.1972) (denying defendant corporation's motion for a protective order to require corporate officer's deposition at corporation's principal place of business because no showing corporate officer is "being put to unnecessary trouble and expense by being required to travel a great distance to give his deposition").

■ Federal Rule of Civil Procedure 26(c) governs the discretionary granting of a protective order "to regulate the terms, conditions, time or place of discovery...." *Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C.

1999). A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R.Civ.P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992).

■ Here, neither party has provided the Court with declarations from its corporate officers attesting to either the expense or undue burden associated with holding plaintiff's Rule 30(b)(6) deposition or the depositions of plaintiff's officers and an employee in Los Angeles, New York or Israel. Since plaintiff has the burden under Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not be held in Los Angeles, where they were noticed, and it has presented absolutely no evidence showing a specific and particular need for such protective order, its request is without merit. *See Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir.1985) (affirming district court's decision to depose Greek corporation's president in United States where corporation made no showing of hardship); *South Seas Catamaran, Inc. v. Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 n. 5 (D.N.J.1988) ("[C]ourts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship."), *affirmed by*, 993 F.2d 878 (3d Cir.1993) (Table); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97 (S.D.N.Y.1968) (declining to vacate notice of deposition where "there has been no showing that any harm would result to defendant's business by virtue of the deponents' brief absence from their jobs").[3]

---

**3.** In fact, plaintiff has not even identified the individual(s) it would designate to appear for the

Rule 30(b)(6) deposition, and, thus, has present-

Other than the general presumption regarding the holding of corporate depositions in the corporation's principal place of business, plaintiff proffers absolutely no rationale for requiring the depositions in this case not be taken in Los Angeles. To the contrary, several common sense factors militate toward holding the depositions in Los Angeles. First, Israel may be a dangerous place to hold the depositions,[4] *United States v. $160,066.98 from Bank of America,* 202 F.R.D. 624, 627–28 (S.D.Cal.2001), and although plaintiff has an office in New Jersey, that is not plaintiff's principal place of business and does not provide a rationale for holding the depositions in New York—which is not New Jersey! Second, counsel for all parties reside in Los Angeles and have their offices in Los Angeles. *Resolution Trust Corp.,* 147 F.R.D. at 127; *Turner,* 119 F.R.D. at 382. Third, defendants have shown that plaintiff does business in this district, *cf. Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir.1994), and at least Mr. Taub periodically travels to this district on business.[5] *Armsey,* 184 F.R.D. at 571. Thus, it appears to be more convenient, less time consuming, and less expensive for the parties to hold plaintiff's Rule 30(b)(6) deposition and the depositions of plaintiff's corporate officers and an employee in this district. *Resolution Trust Corp.,* 147 F.R.D. at 127–28; *Turner,* 119 F.R.D. at 383–84. Finally, this determination helps "secure[ ] the just, speedy and inexpensive determination of [this] action," as Rule 1 of the Federal Rules of Civil Procedure requires. Accordingly, defendants' motion to compel should be granted, and plaintiff's motion for a protective order should be denied.

 Since holding plaintiff's Rule 30(b)(6) and corporate officer depositions and an employee deposition in this district may save defendants considerable expense, the Court will partially shift plaintiff's travel costs to defendants. *Huynh v. Werke,* 90 F.R.D. 447, 449 (S.D.Oh.1981); *Connell v. Biltmore Sec. Life Ins. Co.,* 41 F.R.D. 136, 137 (D.S.C. 1966). Specifically, the parties should evenly split the costs of coach airfare from Israel to Los Angeles and the reasonable lodging costs for two to three nights in Los Angeles for those individuals traveling from Israel to attend their depositions (Messrs. Taub, Kopelman and Nissenbaum); however, Mr. Sitar's expenses need not be split between the parties. These costs are recoverable expenses for the party who prevails in this matter.

## ORDER

1. The Court grants defendants' motion to compel the taking of plaintiff's Rule 30(b)(6) deposition and the depositions of plaintiff's corporate officers and an employee in Los Angeles, and those depositions shall be held no later than October 14, 2005. If plaintiff has not yet designated its person(s) most knowledgeable for the Rule 30(b)(6) deposition, it shall do so no later than three (3) days from the date of this Order. Counsel for the parties shall personally meet and confer to set the dates of the Rule 30(b)(6) deposition and the depositions of the corporate officers and employee, within five (5) days of the date of this Order.

2. The Court denies plaintiff's request for a protective order regarding the location of the depositions; however, the Court grants, in part, plaintiff's request that reasonable costs for the depositions be split between the parties. The costs of the coach airfare for Messrs. Taub, Kopelman and Nissenbaum to travel from Israel to Los Angeles and their reasonable lodging costs for two to three nights while in Los Angeles attending their depositions shall be split evenly between plaintiff and defendants. Plaintiff shall bill defendants for these costs no later than November 14, 2005, and defendants shall reimburse plaintiff their 50% share no later than thirty (30) days after being billed.

3. To assure that the corporate officer and employee depositions go smoothly, defendants shall give written notice to each witness, no later than five (5) business days prior to each deposition, of the documents

---

ed no evidence regarding the residency or work or travel schedules of that individual.

**4.** *See* Hung Decl., ¶ 7, Exh. 6.

**5.** *See* Hung Decl., ¶ 8, Exh. 7.

upon which the witness may be examined, identifying said documents by Bates numbers.