**Don R. CARAWAY, et al., Plaintiffs,**

v.

**CHESAPEAKE EXPLORATION LLC, Defendant.**

**Civil Action No. 1:09CV298.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 5, 2010.

Tobias Anthony Cole & Mark O. Midani of Midani Hinkle & Cole, LLP, Houston, TX, for Plaintiffs.

Jesse R. Pierce & James Chadwick Newton of Jesse R. Pierce & Associates, PC, Mary P. Livingstone of Bracewell & Giuliani, Houston, TX, Collin Michael Maloney of Ireland Carroll & Kelley, Tyler, TX, for Defendant.

### *MEMORANDUM AND ORDER DENYING PLAINTIFFS' LAST–MINUTE MOTION FOR PROTECTIVE ORDER*

RON CLARK, District Judge.

Before the court is Plaintiffs' motion for protective order [Doc.# 63] with respect to Defendant Chesapeake Exploration LLC's ("Chesapeake") notice of intent to depose Plaintiffs Norma Chappell, Eloyce Daniels, Gilbert Hooper, Everett Hawkins, Everton Hawkins, Gloria Hawkins, and Jacquelyn Hawkins in Livingston, Texas. All of these deponents live out-of-state except Mr. Hoo-

per. Plaintiffs assert that these deponents have very little knowledge of relevant facts, and argue that any benefit Chesapeake may derive from their depositions is outweighed by the burden and expense the deponents would incur if forced to travel to Livingston, Texas. Plaintiffs request that the court enter a protective order requiring Chesapeake to depose the out-of-state plaintiffs by telephone.

On July 21, 2010, Chesapeake served its notice of intent to take the depositions of the above-named plaintiffs. The depositions were noticed to begin on August 5, 2010 at 9:00 a.m. Plaintiffs did not file their motion for protective order until 5:59 p.m. on August 4, 2010.

## I. Applicable Law

■ Federal Rule of Civil Procedure 26(c) provides that a party from whom discovery is sought may move for a protective order in the court where the action is pending. Fed. R.Civ.P. 26(c). The court may, for good cause, issue an order to protect a party from undue burden or expense, including specifying the terms, including the time and place, for the discovery, or prescribing a discovery method other than the one selected by the party seeking discovery. *Id.* The burden is on the movant to establish the necessity of a protective order upon a showing of "good cause," and the movant must establish good cause "with a specific demonstration of fact rather than mere conclusory statements." *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D.Tex. 1992).

■ A plaintiff should ordinarily be deposed in the forum in which he has chosen to sue. *Xavier v. Belfor USA Group, Inc.*, Nos. 06–0491, 06–7804 & 08–3736, 2009 WL 3231547, at *5 (E.D.La. Oct. 2, 2009); *accord Williams v. Sprint/United Mgmt. Co.*, No. 03–2200–JWL, 2006 WL 1867471, at *3 (D.Kan. June 30, 2006) ("As a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since [the] plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."); *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381,

383 (M.D.N.C.1988) ("Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district."). Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted. *Williams*, 2006 WL 1867471, at *3 (citing *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 603–04 (D.Nev.1999)).

## II. Discussion

■ Plaintiffs' counsel waited until 5:59 p.m. the day before the depositions were scheduled to file their motion for protective order. Such tactics, dredged up from the cesspool of "Rambo" litigation, cannot be countenanced. This district has a magistrate judge on call during business hours to immediately hear discovery disputes. *See* L.R. CV–26(e). This court will also hold telephone hearings if the magistrate judge on duty is not available. The only reason to wait until the last minute before filing a motion for protective order such as this is to present an opponent with a *fait accompli*.

Had this motion been filed earlier, the court could have considered any number of factors to determine a means of deposing these witnesses that would be the most convenient and cost-effective for all parties involved. *See Resolution Trust*, 147 F.R.D. at 127 (court has broad discretion to determine appropriate place for examination and may attach conditions such as payment of expenses); *Xavier*, 2009 WL 3231547, at *5 (courts will weigh party's preference to depose at the forum against (1) actual need for oral examination at the forum, and (2) resulting burden to the opponent). However, not only was Plaintiffs' motion filed after the eleventh hour, but Plaintiffs have presented only conclusory statements regarding the burden and expense of travel and have not made any specific showing of hardship. Accordingly, Plaintiffs' Motion for Protective Order [Doc. # 63] is **DENIED**.

It is **ORDERED** that, unless otherwise agreed by the parties, Plaintiffs Norma Chappell, Eloyce Daniels, Gilbert Hooper,

Everett Hawkins, Everton Hawkins, Gloria Hawkins, and Jacquelyn Hawkins shall be deposed in Livingston, Texas no later than September 23, 2010. Alternatively, to save some time and expense, Plaintiffs may agree to hold the depositions in Houston, Texas. Following a good faith conference between counsel, the depositions shall be noticed at least thirty-two days in advance so that the deponents may take advantage of any lower airfare that may be available with early purchase.

**So ORDERED.**