Pamela **STONEBREAKER,** Plaintiff,

v.

The **GUARDIAN LIFE INSURANCE COMPANY, et al.,** Defendants.

**Civil No. 11–0797–WQH (WVG).**

United States District Court, S.D. California.

Oct. 11, 2011.

---

Nathan Arrington, Luce, Forward, Hamilton & Scripps LLP, San Diego, CA, for Plaintiff Pamela Stonebreaker.

Margaret Levy, Jessica Shpall Rosen, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Defendant, Counterclaimant and Third–Party Plaintiff Western Reserve Life Assurance Co. of Ohio.

## ORDER REGARDING THE PERSON MOST KNOWLEDGEABLE DEPOSITION OF DEFENDANT WESTERN RESERVE INSURANCE COMPANY

WILLIAM V. GALLO, United States Magistrate Judge.

On October 11, 2011, the Court held a Discovery Conference in the above-entitled matter. At the Discovery Conference, the Court discussed Plaintiff's Application to Take the Person Most Knowledgeable (hereafter "PMK") Deposition of Defendant Western Reserve Life Insurance Company (hereafter "WRL").

Plaintiff seeks to take the PMK deposition of WRL in San Diego in order to oppose WRL's currently pending motion to dispose of Plaintiff's bad faith claim. WRL opposes Plaintiff's request and insists that the PMK deposition take place in St. Petersburg, Florida, where WRL has its principal place of business.

Plaintiff has not yet served a Notice of PMK deposition on WRL. However, Plaintiff lists the following subjects about which she seeks to depose WRL's PMK:

1. The investigation regarding Plaintiff's claim;

2. Decisions made regarding Plaintiff's claim;

3. WRL's policies and procedures, and;

4. Training provided to WRL's adjusters and representatives, including training regarding California's insurance laws and regulations.

In the meet and confer process, Plaintiff's counsel stated that the four listed categories were not exhaustive and represent some of the PMK categories he anticipates; there may be other categories when the Notice of PMK Deposition is served. However, at the Discovery Conference, Plaintiff's counsel limited the PMK deposition to the four listed categories.

In *Cadent v. 3M Unitek,* 232 F.R.D. 625 (C.D.Cal.2005), the court noted that a PMK deposition should ordinarily be taken at the corporation's principal place of business. However, several factors should be examined in order to rebut the presumption that a PMK deposition should be held at the corporation's principal place of business:

1. Location of counsel in the forum district;

2. Number of corporate representatives to be deposed;

3. Likelihood of significant discovery disputes arising which would necessitate resolution by the forum court;

4. Whether the persons sought to be deposed often engage in travel for business purposes;

5. The equities with regard to the nature of the claim and the parties' relationship.

*Cadent* also noted that PMK depositions are frequently taken in a location other than the corporation's principal place of

business (usually where the action is pending), depending on the convenience of the parties and the interests in judicial economy. *Cadent*, 232 F.R.D. at 629.

Here, the Court examines the *Cadent* factors:

### 1. *Location of Counsel in the Forum District*

■ All counsel are in California, but not in San Diego. Plaintiff's counsel and Judge Cowett are in San Diego. Defendants' counsel are in Los Angeles and San Francisco.

At the Discovery Conference, Judge Cowett indicated that she would attend the PMK deposition by telephone. Defendant Guardian Life indicated that it would attend the PMK deposition by telephone. Defendant Union Security indicated that it would attend the deposition by telephone.

None of the Defendants' counsel nor Judge Cowett would travel to Florida for the PMK deposition. Therefore, this factor tips in favor of deposing the PMK in St. Petersburg, Florida, WRL's principal place of business.

### 2. *Number of Corporate Representatives to be Deposed*

■ WRL has designated one witness as a PMK for the four categories about which Plaintiff seeks testimony. However, Plaintiff has stated in her *Ex Parte* Application To Continue WRL's Motion for Summary Judgment, that she wants to depose other WRL employees who submitted declarations in support of WRL's Motion for Summary Judgment.

At the Discovery Conference, Plaintiff's counsel suggested that if the PMK deposition is sufficient, he would not have to depose the other WRL employees.

Here, Plaintiff would have to go to Florida to depose the other WRL employees, as they have not been designated as PMKs. Rather, they submitted declarations in support of WRL's Motion for Summary Judgment. Therefore, if Plaintiff finds that the PMK deposition is insufficient and wants to depose the other WRL employees, he would have to go to Florida to depose them, as well as the PMK designee. This factor tips in favor of deposing the PMK in St. Petersburg, Florida, WRL's principal place of business.

### 3. *Likelihood of Discovery Disputes*

■ Counsel have taken only one deposition. There were no disputes at the deposition. At the Discovery Conference, all counsel agreed that the undersigned could hear, by telephone, all disputes arising at the PMK deposition and the depositions of other WRL employees.

Here, since any discovery dispute that may arise during the PMK deposition or the depositions of other WRL employees may be heard by telephone, whether the deposition is held in California or Florida, this factor does not tip in favor of either Plaintiff or WRL.

### 4. *Whether the PMK Often Travels for Business*

■ The one PMK designee on the four subjects which Plaintiff seeks PMK deposition testimony states that she "occasionally" travels for business, but primarily in the southeastern United States.

The Court recognizes that WRL's PMK designee travels for business and takes vacations. Therefore, her absence from her office may minimally affect WRL's business. Therefore, the Court finds that her absence from her office for the time necessary to travel to and from California for a PMK deposition would not substantially disrupt WRL's business. Nevertheless, the PMK designee stated that she "occasionally" (not "often") travels for business purposes, and only in the southeastern United States. Therefore, the

Court determines that this factor does not tip in favor of WRL nor conducting the PMK deposition in Florida.

5. *Equities Regarding Nature of Claim*

██ Plaintiff argues that she has been financially struggling since the death of her husband, because Defendants refuse to pay her the insurance proceeds at issue in this case. Therefore, WRL is in a better position to absorb the costs of having their PMK designee travel to California.

WRL argues that it (and the other Defendants) have been forced to incur significant attorneys fees to oppose Plaintiff's motions regarding her bad faith claims, where the money at issue has already been interplead into the Court.

Here, Since Plaintiff has chosen to sue four insurance companies, which have their principal places of business on the east coast, and has chosen to vigorously litigate the bad faith aspects of her case, making Defendants incur significant fees, the equities do not favor allowing her to have the PMK deposition in California. This factor tips in favor of deposing the PMK designees in St. Petersburg, Florida, their principal place of business. Moreover, if necessary, WRL must make available for depositions at the same time two other employees identified by Plaintiff.

Consequently, analysis of the five *Cadent* factors results in a conclusion that Plaintiff has failed to rebut the presumption that the WRL's PMK deposition should be held in St. Petersburg, Florida, WRL's principal place of business. Therefore, WRL's PMK deposition shall be taken in St. Petersburg, Florida.

IT IS SO ORDERED.